DIXON (UNITED STATES v.). See Cases Nos. 14,968–14,970.

---

## Case No. 3,935.

### DIXON v. WASHINGTON.

[4 Cranch, C. C. 114.] [1]

Circuit Court, District of Columbia. Dec. Term, 1830.

GAMING ORDINANCES—MAGISTRATE'S JURISDICTION—WARRANT—PRIOR CONVICTION OR ACQUITTAL—DAILY PENALTY.

The keeping of a faro-table, contrary to the by-law of the corporation of Washington of

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

June 12th, 1830, is a single offence, although continued for many days. And although the penalty is $50 a day, yet as the prosecution must be before a single magistrate whose jurisdiction cannot exceed $50, no greater sum can be recovered upon any one warrant. A conviction or acquittal upon any such warrant is a bar to all acts of keeping prior to the issuing of such warrant. The day laid in the warrant is not material, so that the time actually proved, be subsequent to a former prosecution, (if there has been any such,) and before the issuing of the present warrant, and within the time of limitation. If the corporation would avail themselves of the daily penalty, they must issue their warrants daily.

Appeal from six judgments of a justice of the peace, upon six warrants for $50 each, for the penalty of the by-law of the 12th of June, 1830, for keeping a faro-table, on six consecutive days. The warrants were all issued on the 6th of October, 1830. The first was for keeping the faro-table on the 7th of September, 1830. The second for keeping it on the 8th of September. The third for keeping it on the 9th, &c. The words of the by-law are—"No E. O.," "faro," &c., "table or other device," &c., shall be set up, kept, or exhibited, in any part of this city, under a penalty of fifty dollars for every day or less time that each "E. O.," "faro," &c., "shall be so kept or exhibited; to be recovered before any single magistrate, of the person so setting up, keeping, or exhibiting the same."

Mr. Ashton, for appellee [Jacob Dixon], contended that each day's keeping constituted a whole and separate offence; otherwise the corporation could recover only a single penalty of $50, although the keeping should continue many days; for the penalty is to be recovered before a single magistrate whose jurisdiction in any one case is limited to that sum.

R. S. Coxe, contra. As the penalty is $50 for every day or less time, it may as well be contended that every minute constitutes a separate offence. If every day constitutes a separate offence, the day alleged in the warrant is material; for the offence of the 7th of September would not be the offence of the 8th of September.

CRANCH, Chief Judge, delivered the opinion of the court (THRUSTON, Circuit Judge, absent).

In this case, we are of opinion that the keeping of a faro-table, contrary to the by-law of the corporation of Washington of June 12th, 1830, is a single offence, although continued from day to day for many days, and that the amount of the penalty is to be regulated by the number of the days, reckoning $50 for each day. That all the keeping, previous to the issuing of the warrant, constitutes but one offence, and therefore that the day, charged in the warrant, is immaterial, so that the time, actually proved, be subsequent to a former prosecution, (if there has been any such,) and before the issuing of the present warrant, and within the

time of limitation. By the by-law, the penalty is to be recovered before a single magistrate. and cannot be recovered in any other manner; and as the jurisdiction of causes by a single magistrate is limited to $50, a greater sum cannot be recovered in this suit; although a recovery in this suit will be a bar to all prosecution for acts, of keeping a faro-table, done previous to the issuing of this warrant. If new acts of keeping have been committed since the issuing of this warrant, they may be the subject of a new prosecution. The judgment in this cause must be affirmed with costs. In all the other cases, for acts done before the issuing of this warrant, the judgments must be reversed, with costs.

If the corporation wish to avail themselves of the daily penalty, they must issue their warrants daily.

Mr. Coxe suggested a doubt whether the court could give costs upon the reversal of the judgments; and the court said they would consider of it. See Ward .v. Washington [Case No. 17,163]. May term, 1832, where costs were given upon reversal, at the discretion of the court.