The CouRT
(nem. con.) discharged the prisoner on the ground of the want of a seal, and the informality of the warrant, and did not recommit him, because there was no evidence that he had committed any offence in the District of Columbia.
The prisoner was afterwards arrested again and committed upon a charge of stealing lottery tickets and a penknife, from B. O. Tyler, in this county, and was again brought before the Court by habeas corpus, when Mr. C. C. Lee and Mr. Jones, for the prisoner, contended that although the commitment be perfectly regular and formal, and states that the party is charged on oath with an offence for which the committing magistrate has a right to commit, the Court can and will rehear the case and revise his judgment. 3 Bac. Ab., Hab. Corp. 438, B. No. 13; 1 Chitty, Crim. Law, 113; Cald. 295; 1 Leach, 270; 4 Chitty, 123, &c.; Ex parte Bollman Sf Sioartioout, 4 Cranch, 114; Commomoealth v. Hollomay, 5 Binney,. 512; Elizabeth Claxion’s case, 12 Mod. 566.
The Court, on the next day, which was the last day of the term, decided, (Thruston, J., dissenting and wishing further time to consider the question,) that they would, examine the witnesses, as they were all present; but said that they would not consider themselves bound by this case as a precedent.
After examining the witnesses the Court ordered the prisoner to find bail in $500, and upon his refusal, the prisoner was remanded.
Note. In this case, Cranch, C. J., and Morsell, J., were disposed to lay down the rule of proceedings upon habeas corpus, as follows: (but as Thruston, J., wished for further time for consideration they did not give the opinion in public,) namely,
Upon the return of the habeas corpus, if the commitment be in all respects regular and formal, and for an offence for which the committing magistrate had authority to commit, the Court will, upon the request of the prisoner, issue a certiorari to certify the informations, examinations, and depositions taken by and remaining with the committing magistrate, in relation to- such commitment; and if none such shall have been taken, will sum *614 mon him to appear and state upon oath the evidence upon which he granted the warrant of commitment; and upon ascertaining such evidence, will consider the same, and thereupon proceed to discharge, bail, or remand the prisoner, as the magistrate ought to have done ; unless the prisoner shall require that the witnesses shall be reexamined by the Court; in which case they will order the witnesses to be summoned, and remand the prisoner until such witnesses can be had.
If the commitment be so bad upon its face that the Court must discharge the prisoner from that commitment, the Court will, if they have sufficient evidence before them, commit the prisoner de novo, and order the witnesses, to recognize for their appearance, at the proper time and place, to testify on behalf of the United States.
If the witnesses, upon whose testimony the prisoner was committed by the magistrate, cannot be had immediately, and the prisoner will not consent that their testimony shall be stated by the magistrate, and that the Court shall proceed to act upon such statement as if the witnesses were present and had testified before the Court, or if the committing magistrate be dead, the Court will remand the prisoner for further examination until the testimony of the witnesses can be had.