## PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, *v.* JOHN C. SULLIVAN, APPELLANT.

CRIMINAL LAW.—CONTINUOUS OFFENSE.—CONTINUANDO.—A criminal complaint which lays an offense as having been committed on a certain day and on divers days thereafter from said day up to another certain day, does not charge a continuous offense between the days mentioned but is certain only as to the two days mentioned. Miner, J., *dissenting.*

ID.—ID.—LAYING TIME IN INDICTMENT.—*Semble* that if an offense is continuous in its nature, whether or not the indictment charges a continuous offense, a conviction for such an offense bars a conviction for the same continuing offense committed at any time prior to the finding of the indictment.

ID.—GAMING.—PLEA OF FORMER CONVICTION.—Where an indictment is found for the offense of opening and conducting a game of faro, and a plea in bar is interposed that defendant has already been convicted of the offense of opening and conducting a game of faro on a certain day, and on divers days thereafter up to and including another certain day, and the date of the indictment is not the same as either of the days particularly mentioned in the plea in bar, but is a day between those two days particularly mentioned, and the plea in bar proceeds to allege that the offense mentioned in the indictment is the same offense as that mentioned in the plea in bar, that the acts charged are the same and the same evidence would prove either charge, *held* upon demurrer to the plea in bar that it was apparent that the conclusion of the plea in bar was contradictory to the conviction alleged and was not good. Miner, J., *dissenting.*

ID.—GAMING.—CONTINUOUS OFFENSE.—*Semble* that the offense of opening and conducting a game of faro is complete when one game or deal of the cards is opened on a particular day, and although one game follows another on different days, yet a conviction for one day is no bar to a conviction for another day. Miner, J., *dissenting.*

ID.—CONVICTION UPON PLEA OF GUILTY.—PLEA OF FORMER CONVICTION.—*Semble*, per Miner, J., that where a plea of former

conviction is interposed to an indictment and the prosecution demurs to the plea in bar, which demurrer is sustained, whereupon the defendant pleads guilty and is sentenced, if the demurrer was erroneously sustained, the prisoner must be discharged and the cause is not to stand for trial upon the issues made by the plea of former conviction.

ID.—PLEA OF GUILTY WITH PLEA OF FORMER CONVICTION.—*Quære* in this case the defendant having pleaded not guilty with a plea of former conviction and the demurrer to the plea of former conviction having been sustained, whereupon the defendant pleaded guilty, how can defendant be heard to complain of the overruling of his plea in bar, and has he not waived it by pleading guilty.

APPEAL from a judgment of conviction of the district court of the first district, Hon. John W. Blackburn, judge. The opinion states the facts.

*Mr. George Sutherland,* for the appellant.

*Mr. Charles S. Varian,* U. S. Attorney, and *Mr. John M. Zane,* Assistant U. S. Attorney, for the respondent.

BARTCH, J.:

The appellant was indicted by the grand jury of the first judicial district on the 1st day of October, 1891, for the crime of gaming. He pleaded not guilty, and also entered a plea of former conviction. To this last-mentioned plea the district attorney demurred on the ground that the same did not in law constitute a defense, which demurrer was sustained by the court. The defendant then withdrew the plea of not guilty, and entered a plea of guilty, whereupon the court sentenced him to pay a fine of $100, and to undergo imprisonment for the term of one month. From that judgment the defendant appealed to this court, raising the question of the sufficiency of the special plea of former conviction.

The indictment charges that "the said J. C. Sullivan,

on the 1st day of August, A. D. eighteen hundred and ninety-one, at the county of Juab, in said Territory of Utah, and within the judicial district aforesaid, unlawfully did maintain, conduct, and carry on a certain gambling game, commonly called 'faro,' and did permit and suffer divers idle and evil-disposed persons to play and game at said game of faro for divers sums of money." This charges that the offense was committed on the 1st day of August, 1891, and the defendant claims that he ought not to be further prosecuted for that offense, and avers that he has already been convicted of the same offense by the judgment of a justice of the peace.

The special plea, so far as it is material in the consideration of this case, is as follows: "That on the 19th day of September, 1891, a complaint, sworn to by one John T. Sullivan, was filed with the said justice of the peace, in said justice's court, charging the said defendant with having, on the 1st day of January, 1891, at Eureka, in the county of Juab, Territory of Utah, and on divers days thereafter from the day last aforesaid, to wit, January 1, 1891, up to and including the 19th day of September, 1891, unlawfully conducted, opened, and carried on a certain gambling game, commonly known as 'faro,' for money, and checks representing value." Counsel for appellant contend that this complaint charges a continuous offense extending from the 1st day of January, 1891, to and including the 19th day of September, 1891, and, if this contention be correct, then further prosecution would be unwarranted, for the 1st day of August, the time charged in the indictment, is included within the time as laid in the complaint. But is the offense charged in the complaint continuous? Does it mean that the game was commenced on the 1st day of January, 1891, and continued to and including the 19th day of September, 1891? Stripped of verbiage, the charge is that the defendant "unlawfully conducted, opened,

and carried on a certain gambling game, commonly called
'faro,'" on the 1st day of January, 1891, and on "divers
days thereafter," to and including the 19th day of Sep-
tember, 1891.   The 1st day of January is a day certain,
and on this day the defendant " opened and carried on"
the game.   The same may be said of the 19th day of
September; and if on the last-named day the defendant
" opened and carried on" the game, the presumption is
conclusive that the game was closed on the previous day,
for, if this be not so, then he could not "open " the game
on the 19th day of September.   The game might be
"carried on," but it could not be "opened " unless it had
been previously closed, or had not been carried on during
the previous day.   The same is true of every other day
intervening between the two days mentioned, and thus
each day a distinct offense may have been committed.
This is also in harmony with the meaning of the word
"game," which Webster defines as "a single match at
play; a single contest."

   To render an act continuous, its performance must be
carried on without interruption, for when its performance
ceases the act is complete and distinct; and, if afterwards
a similar act is performed, it cannot be regarded as a con-
tinuation of the former.   To make it continuous, it must
be the result of a single impulse, and performed or carried
on without intermittence.   Whart. Crim. Pl. §§ 474, 475.
In cases which are of a continuous character the act may
continue from day to day, and will constitute but one
offense, regardless of the time of duration.   Such are cases
of nuisances, the keeping of a gaming table, bawdy house,
tippling house, unlawful cohabitation, and the like.   In
this class of cases the indictment may allege that the
offense was committed on a single day; but, if the prose-
cutor seeks judgment for a continuing offense, he must
add a continuando, which Bishop, in his work on Criminal

Procedure, (volume 1, § 394) defines as follows: "A continuando is an allegation in any appropriate form of words that an offense whereof a day of beginning is stated is continuing to another day stated." It is claimed that the complaint in the justice's court charged a continuous offense, and the continuando is, "on divers days." The complaint is certain as to two days, but uncertain as to any other, and hence the charge was good, and sufficient to sustain the judgment of the justice, but not good as to the uncertain time. Where the allegation is meant to charge a continuing offense, and a day certain is properly alleged, but the remainder of the allegation is inadequate as to time, the allegation is sufficient, the part which is uncertain being rejected as surplusage. In this case the continuance was expressed by "on divers days thereafter," and as to such an allegation, and after giving numerous approved forms, Bishop (in section 395, *supra*) says: "The allegation, on such a day and on divers other days and times between that day and some other, which was held good in civil pleadings, and in them practically superseded the foregoing forms, is not a continuando, though it is sometimes spoken of as such. In principle it is certain as to two days and uncertain as to the rest; therefore void for repugnance where the offense is of a nature not continuing, and equally void for uncertainty where the continuance of it during the intermediate period is required." Whart. Crim. Pl. § 125; *Wells* v. *Com.*, 12 Gray, 326; *U. S.* v. *La Coste*, 2 Mason, 129; *Rex* v. *Dixon,* 10 Mod. 335; *People* v. *Adams*, 17 Wend. 475.

The statute law of this Territory in reference to the crime under consideration is found in section 4541, Comp. Laws Utah 1888, which reads as follows: "Every person who deals, plays, or carries on, opens or causes to be opened, or who conducts, either as owner or employé, whether for hire or not, any game of faro, monte, roulette, lansquenet,

rouge et noir, rondo, or any game played with cards, dice, or any other device, for money, checks, credit, or any other representative value, is guilty of a misdemeanor." This statute refers to the game itself, and "every person who deals, plays, or carries on" such a game is guilty of a misdemeanor. It is clear that each act of this kind constitutes an offense, and, while this does not depend upon the time of its duration, yet, where a continuous offense is relied upon, the time must not be left uncertain in the allegation. We think the complaint in the justice's court did not allege the time with sufficient certainty except as to the two days, and that therefore the demurrer to the special plea was properly sustained. Counsel for appellant cites numerous cases, but they fall principally within the class of cases which are of a nature continuous. In the case of *Dixon* v. *Corporation*, 4 Cranch, C. C. 114, the charge was for keeping a faro table, and, although that was continued from day to day, the court held it to be a single offense, which does not conflict with the views expressed herein, for in this case the charge is not for keeping a faro table, which is in its nature continuous, but for opening and carrying on a faro game, which may or may not be continuous. We do not think that case in point here. Nor do we agree with counsel that the offense charged in the indictment is a part of the same transaction as that charged in the complaint. It is a similar transaction, but, in so far as is manifest from the complaint, it is a distinct and separate offense. The judgment of the court below is affirmed.

ZANE, C. J., concurred.

MINER, J., *(dissenting):*

An indictment was presented by the grand jury, and filed October 1, 1891, charging "that the defendant, J. C. Sul-

livan, is accused by the grand jury of this court by this indictment of the crime of gaming, committed as follows: The said J. C. Sullivan, on the 1st day of August, A. D. eighteen hundred and ninety-one, at the county of Juab, in said Territory of Utah, and within the judicial district aforesaid, unlawfully did maintain, conduct, and carry on a certain gambling game commonly called 'faro,' and did permit and suffer divers idle and evil-disposed persons to play and game at said game of faro divers sums of money," etc. On being arraigned, defendant pleaded to said indictment a former conviction, specifying the following particulars: "That on the 19th day of September, 1891, a complaint regularly sworn to was filed with the justice of the peace of Eureka precinct, Juab county, Utah Territory, charging the defendant with having on the 1st day of January, 1891, at Eureka, in Juab county, Utah Territory, and on divers days thereafter from the day last aforesaid, to wit, January 1, 1891, up to and including the 19th day of September, 1891, unlawfully opened, continued, and carried on a certain gambling game commonly known as 'faro,' for money, and checks representing value. That the defendant was duly convicted by his plea of guilty of the offense charged in said complaint, and judgment passed against him, and was satisfied. * * * That the defendant is the same person charged in the said complaint, and the charge in the said complaint is the same offense as that charged in the indictment, and was committed between the dates mentioned in the complaint; and that the acts charged in the indictment are essential parts of the offense charged in the complaint. That the evidence necessary to support the indictment would have sustained the charge made in the complaint." This plea was demurred to by the district attorney, and the court sustained the demurrer. By the demurrer the facts stated in the plea are admitted to be true. The question, therefore,

upon this appeal is whether or not the facts stated in the plea constitute in law a former conviction.

The statute under which the indictment is found and under which the complaint in the justice's court was made reads as follows: "Every person who deals, plays, or carries on, opens or causes to be opened, or who conducts, either as owner or employé, whether for hire or not, any game of faro, monte, roulette, lansquenet, rouge et noir, rondo, or any game played with cards, dice, or any other device, for money, checks, credit, or any other representative of value, is guilty of a misdemeanor." 2 Comp. Laws Utah, p. 601, § 4541. The complaint upon which the defendant was convicted before the justice covered a period of time extending from January 1, 1891, up to and including September 19, 1891. During this time it is alleged that this offense was committed. This period covered and included August 1, 1891, the same day upon which the indictment alleged another offense to have been committed. It therefore charges as an offense the acts which were embraced within the scope of the complaint upon which the appellant has once been convicted and fined. The complaint having alleged the offense as a continuing one, and having been treated in its continuing aspect, the prosecution would have no right afterwards to carve out a portion of the time included within it, and seek a further conviction for the same offense, when a conviction had been had. They had the right to fix the dates in the first complaint within which they could allege and prove the commission of the offense, but, having once made that election, and secured a conviction thereon, they should not be allowed to travel over the same ground again, and endeavor to secure another conviction for the same offense and transaction which occurred at a time carved out of the period upon which a previous conviction had been had. 1 Chit. Crim. Law, 452; *Com.* v. *Roby*, 12

Pick. 496; *State* v. *Locklin*, 59 Vt. 654, 10 Atl. Rep. 464; *State* v. *McCormack*, 8 Or. 236; *Quitzow* v. *State*, 28 Amer. Rep. 396; *Wright* v. *State*, 17 Tex. App. 152; 1 Bish. Crim. Law, 1054; *Com.* v. *Hudson*, 14 Gray, 11; 1 Bish. Crim. Law, §§ 890, 891; *King* v. *Emden*, 9 East, 437; Benn. & H. Lead. Crim. Cas. 561. "A continuing offense is a transaction or a series of acts set on foot by a single impulse, and operated by an unintermittent force, no matter how long a time it may occupy." Whart. Crim. Pl. 474. "The offense of keeping a gambling table may be committed by a single act, or it may be continuous in its nature, and may therefore be proved by one or a series of acts showing the requisite criminal intention by a proper measure of proof." *Bibb* v. *State*, (Ala.) 3 South. Rep. 711.

I think the demurrer to the plea of former conviction should have been overruled. The transaction and offense covered by the indictment was the same offense and transaction upon which the defennant had been previously convicted under a continuing complaint, alleging the same offense and transaction. The evidence necessary to support the indictment would have supported and sustained the charge made in the complaint. The act charged in the indictment was an essential part of the same offense charged in the complaint. The carrying on of this gambling game of faro may be by one who is not present, and who takes no active part in it. The maintaining, conducting, and carrying on the gambling game charged is continuous in its nature, and ends only when the owner or manipulator ceases to maintain, conduct, and carry it on, and there are no players to engage in it. Appellant had been once convicted and punished for the offense which formed a part of the transaction of carrying on, maintaining, and conducting a gambling game as charged in the indictment. The following cases bear upon the question: *In re Nielsen*, 131 U. S. 176, 9 Sup. Ct. Rep. 672; *In re Snow*, 120 U. S. 274,

7 Sup. Ct. Rep. 556; 1 Chit. Crim. Law, 452; *Dixon* v. *Corporation,* 4 Cranch, C. C. 114; *Hinkle* v. *Com.*, 4 Dana, 518; 1 Bish. Crim. Law, 804; *U. S.* v. *Burch,* 1 Cranch, C. C. 36; *Com.* v. *Jenks,* 1 Gray, 490; *Jackson* v. *State,* 14 Ind. 327; *State* v. *Lindley,* Id. 430; *People* v. *Saunders,* 4 Parker, Crim. R. 196; 1 Whart. Crim. Law, § 565. In my opinion, the order and decision of the district court in sustaining the demurrer should be reversed, and the judgment and sentence of the court should be set aside, and the defendant ordered discharged.