## Chester M. Lane v. City of Springfield.

1. GAMBLING—*when particular offenses are separate and distinct.* The offense defined by one ordinance of keeping and maintaining a gambling house and an offense defined by another ordinance of being an inmate of such a house, are separate and distinct and may authorize the imposition of separate penalties in the same action where both have been violated by the same person.

2. GAMBLING ORDINANCE—*when valid.* An ordinance fixing a penalty for being an inmate of a gambling house is valid as an exercise of the police power.

3. PENALTIES—*when improper to cumulate.* Where a gambling house has been illegally set up, and after set up, continuously maintained, it is improper to cumulate penalties on account thereof.

4. EVIDENCE—*when competency of, not open to review.* Where evidence was received without objection, no question as to its competency can be raised on appeal.

5. DISMISSAL—*when action of court in refusing to order, not subject to review.* Where the bill of exceptions does not show any motion for

a dismissal, nor any ruling thereon, the alleged action of the court in refusing to dismiss is not subject to review.

6. REMITTITUR—*authorized in prosecution for ordinance penalties.* In a prosecution under a gambling ordinance a remittitur was authorized and an affirmance entered upon its making.

Action of debt to recover penalties. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1904. Affirmed upon remittitur. Opinion filed April 20, 1905. Remittitur filed and judgment affirmed, May 11, 1905.

CONNOLLY & BARNES, for appellant; DAVIS McKEOWN, of counsel.

ARTHUR M. FITZGERALD, for appellee; WILLIAM L. PATTON, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an action in debt by appellee against appellant to recover penalties for a violation of two ordinances of the City of Springfield, as follows:

"651. Gambling House or Rooms. Whoever shall, within the City of Springfield, set up, keep, maintain or support any gambling house or room, or place used for the practice of gambling or playing for money or property, or shall knowingly permit any building or premises owned or controlled by him to be used for any such purpose; or whoever shall keep or use, or permit to be used, in any building or place occupied, controlled or owned, by such person, any keno or faro table, wheel of fortune, roulette, shuffle board, cards, or other instrument or device commonly used for the purpose of gaming, shall, upon conviction, be fined not less than twenty-five dollars nor more than two hundred dollars for each offense."

· "652. Inmates of Gaming House. Whoever shall be an inmate of any gaming house or room, within said city, or shall be in any way connected therewith, or shall frequent or visit the same or be found therein; or whoever shall, within the city, play for any money or other valuable thing at any game with cards, dice, billiards, or any other instrument or device whatsoever; or whoever shall bet on any such game when played by others, shall, on conviction, be fined not less than ten dollars nor more than one hundred dollars for each offense."

The declaration contains twenty counts, the first ten counts alleging violations of ordinance 651 upon ten certain days in September, 1903, and the last ten counts alleging violations of ordinance 652 upon the same days.

Upon trial by a jury, there was a verdict against appellant upon the first ten counts and upon the last eight counts and the penalty, or debt, was fixed at $100 upon each count, making a total of $1,800. Upon this verdict the court rendered judgment, after overruling appellant's motion for a new trial.

It is urged that the offense under ordinance 651 is of a higher degree than the offense under ordinance 652, and therefore, that a person found guilty of violating ordinance 651 cannot, at the same time, be found guilty of violating ordinance 652; that a violation of the latter ordinance is necessarily merged in the violation of the former, and but one penalty can be imposed. Ordinance 651 was enacted to prohibit the establishment, the keeping or maintaining, of a gambling house or room, and was directed particularly at the proprietor of such a house or room, while ordinance 652 was enacted to prohibit persons from frequenting or being inmates of a place so established, kept or maintained. It is clear that the offenses sought to be prohibited and penalized are separate and distinct. A person may be guilty of violating the provisions of ordinance 651 by setting up, keeping or maintaining a gambling house or room, as proprietor, and yet not be present in such house or room, as an inmate or frequenter, so as to be amenable to the penalty imposed by ordinance 652, and the same person may be amenable to the penalty imposed by ordinance 651 as being a proprietor and to the penalty imposed by ordinance 652, as being an inmate or frequenter.

It is also insisted by appellant that the evidence did not authorize the jury to cumulate the penalty imposed by ordinance 651, because if appellant violated said ordinance, such violation was continuous from September 3, 1903, to September 21, 1903. The evidence tended to prove that appellant kept and maintained a gambling house at $415\frac{1}{2}$

E. Washington street in the city of Springfield, and at no other place, and that there was no interruption in the conduct of such establishment as a gambling house, during the time indicated. It was, so far as the evidence shows, one act of setting up, keeping and maintaining, and the jury were not justified in imposing upon appellant more than one penalty. Cawein v. Commonwealth (Ky.), 61 S. W. Rep. 275; Dixon v. Washington, 4 Cranch, 114; Freeman v. State, 119 Ind. 501. If there was an interruption in the conduct of such establishment as a gambling house, a cessation in its operation and a re-opening, it was incumbent upon appellee to show it. In this case no presumption can be indulged to supply a want of the necessary proof. Furthermore the language of the ordinance: "Whoever shall, * * * set up, keep, maintain or support" implies continuity.

It is urged that the testimony of the witness Hankins, as to what appellant did and said at the place in question upon a former occasion, merely tended to show that he was then keeping a gambling house, and was incompetent as tending to show that appellant was keeping a gambling house at the time charged in the declaration. No objection having been made by appellant to the testimony of the witness, the trial court was not called upon to pass upon its competency, and the question is not before us for decision.

A common gambling house is a nuisance by the common law and the keeping of a common gaming house is made a misdemeanor by statute. It is the duty of the municipality to enforce its ordinances enacted to prohibit gaming and the keeping of gaming houses. The insidious character of the evil, and the utter lawlessness and abandon that characterizes those engaged in it as a profession, demands a resort to drastic measures for the suppression of gaming and the punishment of those who allure their victims to disgrace and ruin. For the attainment of these ends, ordinance 652 is not an unreasonable exercise of the police power. The verdict of the jury finding that appellant was an inmate of

the gaming house in question—a frequenter of the place—upon the several occasions testified to by the witnesses Harts, Fitzgerald and Lawler, is supported by the evidence and should stand.

Appellant offered in evidence a resolution, adopted by the city council of the city of Springfield, as follows:

" *Ordered, by the City Council of the City of Springfield:*
" That the City Attorney is hereby instructed to discontinue action in cases brought in the name of the City in the Circuit Court for violation of ordinances for the following reasons:

" First, he was not instructed by this council, nor any officer of the city so to do, for the reason that the Grand Jury was in session at the time the præcipes in those cases were filed, and true bills were found. If for any reason he shall refuse, the Mayor is hereby instructed to order the Corporation Counsel to dismiss said cases for the City.

" Passed by the City Council of the City of Springfield, Illinois, November 2, 1903. (Seal)   C. F. Morrow, City Clerk."

It is represented by counsel for appellant, that the city attorney having refused to obey this extraordinary mandate of the city council, the corporation counsel, in pursuance of an order from the mayor, moved the court to dismiss the suit, and that such motion was denied by the court. Error is assigned upon the alleged ruling of the court in denying such alleged motion. The bill of exceptions fails to show any such motion or the ruling of the court thereon and we are therefore precluded from passing upon such alleged error. St. L. & O. F. Ry. Co. v. Union Bank, 209 Ill. 457.

Error is assigned upon the action of the court in giving, refusing and modifying certain instructions, but in view of what has been heretofore said, it is unnecessary to discuss such assignments of error in detail.

Having held, that under the evidence in this case, cumulative penalties were improperly imposed upon appellant, for keeping a gaming house or room, it follows that the verdict of the jury and the judgment of the court thereon imposing more than one penalty for a violation of ordi-

nance 651 was erroneous. A penalty of $100 for a viola-
tion of that ordinance under one count of the declaration
and penalties amounting to $800, being $100 under each of
eight counts, charging violations of ordinances 652, were
properly imposed, and as to these the judgment may be af-
firmed. If, within thirty days after the filing of this opin-
ion, appellee will remit $900 from the judgment, the same
will be affirmed for $900, otherwise the judgment will be
reversed and the cause remanded.

*Affirmed upon remittitur.*

Remittitur filed and judgment affirmed May 11, 1905.