State v. Vermont Central Railroad Company.

THE STATE OF VERMONT v. THE VERMONT CENTRAL RAIL-
ROAD COMPANY.

*Railroads.    Nuisance.    Criminal law.*

An indictment cannot be sustained against a railroad company for a nuisance
in the obstruction of a highway, by the stoppage therein of the trains run
upon the railroad, while it is under the sole management of a receiver,
appointed by the court of chancery, over whose acts the company have no
control.

INDICTMENT for a nuisance in the obstruction of a public
highway.

A statement of facts was agreed in this cause to the effect that
the freight trains running over the Vermont Central Railroad were,
on several occasions, allowed by the conductors in charge of them,
to remain in the highway described in the indictment, in such a
manner as to constitute a public nuisance ; but that the said rail-
road during all of this time, was in the hands and under the con-
trol of receivers appointed by the court of chancery, and that the
Vermont Central Railroad Company had no authority or control
over said road, conductors or trains.

The county court, at the March Term, 1857, — PECK, J., pre-
siding,— *pro forma*, adjudged the respondent guilty of the alleged
nuisance.    Exceptions by the respondent.

*Levi Underwood*, for the respondent.

The single point in the case is, whether the corporation is liable
to be indicted for the act of the receivers appointed by the court
of chancery, or their servants, in suffering trains of cars to stand
in the highway an unreasonable length of time, when the corpo-
ration have no power over the receivers.

The railroad and trains are not nuisances *per se*, and only become
such by the improper conduct of the managers ; and probably the
corporation would be responsible criminally for the improper use
of the trains by its agents over whom they had control.    But
where the operation of the road is under the control of the court
of chancery, as in this case, and the corporation is enjoined from
interference with its management, they cannot be liable to indict-

State *v.* Vermont Central Railroad Company.

ment for the culpable conduct of the persons operating the road over whom they have no control.

*E. R. Hard,* state's attorney, for the prosecution.

The respondents having accepted their charters and assumed to the state and the public the duties incident to such corporations, are responsible to the public for all acts done in the exercise of the rights conferred by the acts of incorporation, irrespective of any question as to the immediate parties committing the crime.

The state can look only to the corporations. If they have, by mismanagement or otherwise, been compelled to part with their property, it is no justification to a prosecution for a nuisance committed on the line of their road in the course of the business for which they were incorporated, and which they have assumed to perform.

The receivers could not be indicted. They are the mere agents of the court of chancery. Any attempt to interfere with them in the custody and control of the property, either by civil or criminal process, would be enjoined, and the party so interfering might be punished for a contempt.

The opinion of the court was delivered by

BENNETT, J. This is an indictment for a *nuisance* in blocking up a highway with freight cars, engines, etc.; and the offense is, we think, well enough charged in the indictment.

Railroad companies are unquestionably liable to an indictment for obstructing a highway, contrary to the powers granted to them in their charters. Though it has sometimes been said that an aggregate corporation can not be indicted for a *mis-feasance,* but only for a *non-feasance;* yet we apprehend the law is otherwise, especially if the offense charged does not essentially consist in a corrupt intent, which does not seem to be involved as a necessary element in the offense charged in this indictment.

The question however in this case is, do the facts agreed by the parties sustain this indictment? It is not questioned but what the acts which have been done in blocking up the highway would sustain the indictment if done by the railroad company, or by men in their employ, over whom they had a control; but the case finds

State *v.* Vermont Central Railroad Company.

that the railroad and all the trains thereon were in the hands of a receiver appointed by a court of equity, and that the railroad company had no right or power to interfere with such trains or the conductors, or men managing them, but the same were wholly under the control of the receivers.

A railroad company are only indictable for a nuisance by reason of an improper management and conduct in running their road, in a way which neither their charter or the general railroad law will sanction. But if the railroad and all its concerns are in the hands of a receiver, and the company are under an injunction not to intermeddle with its concerns, it would seem difficult to maintain the proposition that still the company should be liable to an indictment for the acts of the receiver, or of his agents. To hold the company liable in such a case, would be indeed monstrous, as they had no power to control or prevent the acts complained of as a nuisance. No man or corporation should be made criminally responsible for acts which they have no power to prevent.

It has been assumed by the attorney for the government, that unless this prosecution is sustained the government are without the means of redress. But will that conclusion follow ? Why may not the receiver be subjected to an indictment ? If he has been guilty of a nuisance it would seem difficult for him to defend under his commission from chancery. He was not placed above the law. But this is not a point before the court calling for a decision. It is enough to say that the facts in this case will not sustain the present prosecution.

The decision of the court below adjudging the defendants guilty, must be reversed, and a new trial granted, and the cause be remanded to the county court unless the state's attorney shall elect to enter a *nolle prosequi*.

NOTE. After this decision a *nolle prosequi* was entered by the state's attorney.