THE STATE v. J. B. CONNELLY.

*Embezzlement— Public Officers—Statute—Indictment—Malfeasance.*

1. The word "officer," employed in § 1014 of *The Code,* defining and punishing embezzlement, is limited to those persons who occupy that relation to the corporations mentioned in, the section, and do not extend to *public* officers, such as Clerks of the Superior Court.

2. The statute (*The Code,* § 1016) creates the crime of embezzlement only where the money or property charged to have been embezzled is held in trust for any city, county, &c., and does not embrace the unlawful appropriation of the property of private individuals.

3. Where the Clerk of a Superior Court was charged with the *embezzlement* of a sum of money paid to him by an administrator for one of the distributees of an estate: *Held*, that he could not be convicted upon an indictment for that crime of the offence created by section 1090 of *The Code*.

This is a CRIMINAL ACTION, which was tried at August Term, 1889, of IREDELL Superior Court, *Merrimon, J.*, presiding.

There was a verdict of guilty, and from the judgment pronounced thereon the defendant appealed.

The assignments of error, and the facts necessary to an understanding of the questions decided, are stated in the opinion. The indictment charges the defendant with the crime of embezzlement under the statute (*The Code*, § 1014). It is charged therein that he was Clerk of the Superior Court of the county of Iredell, and as such Clerk, and by virtue of his office, on the 18th day of January, 1887, received the sum of $8.8.52 from B. F. Sumrow, administrator of John Sumrow, deceased, the amount "being due to and the property of one Henry Sumrow," and received as such Clerk by virtue of his office "in trust for and on account of the said Henry Sumrow as one of the distributees of the said estate," &c., &c.

The defendant, before pleading thereto, moved to quash the indictment, "because the bill failed to charge that the money and property charged to have been embezzled was held in trust for any county." The Court denied the motion, and the defendant excepted and pleaded not guilty.

*The Attorney General*, for the State.

*Messrs. W. D. Turner, W. J. Montgomery, M. L. McCorkle* and *L. C. Caldwell*, for defendant.

MERRIMON, C. J.: It was contended, on the argument for the defendant, that the indictment does not charge an offence

under the statute (*The Code,* § 1014), because, as was said, the latter does not extend to and embrace within its meaning public officers, such as Clerks of the Superior and other Courts, Sheriffs, Constables and the like officers, nor is there any statutory provision on the subject of embezzlement that does.

Hence, it becomes necessary to interpret the statute just cited in an important aspect of it. It prescribes that, "if any officer, agent, clerk, employee or servant of any corporation, person or copartnership (except apprentices and other persons under the age of sixteen years) shall embezzle or fraudulently convert to his own use, or shall take, make way with, or secrete, with intent to embezzle or fraudulently convert to his own use, any money, goods or other chattels, bank-note, check, or order, for the payment of money issued by, or drawn on, any bank or other corporation, or any treasury warrant, treasury note, bond or obligation for the payment of money issued by the United States, or any State, or any other valuable security whatsoever belonging to any person or corporation, which shall have come into his possession or under his care, he shall be guilty of felony and punished as in cases of larceny." It is to be observed that it is general and very comprehensive in its terms, scope and purpose as to the classes of persons embraced by it, the purpose being to prevent fraudulent breaches of trust on the part of persons of the classes specified, charged by their relations of confidence and duties to others with such trusts, and, to that end, to punish offenders in such respects. This statute has not always, since its first enactment, been thus comprehensive as to the classes of persons or the subjects of embezzlement embraced by it. It has been amended repeatedly, and, uniformly, its scope has been, in some respects, enlarged. At first (Rev. Stat., ch. 34, § 19) it embraced only *servants,* and specified kinds of personal property. After-

wards, it was amended (Rev. Code, ch. 34, § 18) so as to embrace as subjects of embezzlements securities and choses in action. Again, afterwards, it was amended (Bat. Rev., ch. 32, § 136) so as to embrace officers, agents, clerks and others, as specified, as to property designated, which came into their possession and under their care by virtue of their office or employment. Afterwards, it was again amended and enlarged in its provisions (*The Code*, §§ 1014, 1018, 3678, 3705). It seems that the mischief to be remedied has continually increased as to the classes of offenders and the subjects of it. Hence such legislation, from time to time, enlarging the scope and purpose of the statute to suppress the mischief.

We are of opinion that the statute, thus enlarged in its scope, does not embrace Clerks of the Superior Courts and like public officers. While its provisions are general and comprehensive within a prescribed limit, that limit is, it seems to us, clearly defined. The words "any officer," as employed in it in their orderly connection, are not used in an unlimited and independent sense, but they have a limited meaning and application. They are separated by a comma from the next succeeding word, which designates a second class of persons, and this word is likewise so separated from that which follows it, and so on, and thus they refer to, and are connected with, the word "corporation," as if the sentence in which they are found were "any officer of any corporation," &c. Indeed, in their proper relation and connection, this sentence expresses their true meaning. The word "corporation" limits all the preceding words as to the classes of persons they each designate, just as the other words, "person or partnership," next succeeding to it, limit the preceding words in their sense and application. So that, the words "any officer," as used, imply any officer of any corporation, and not, generally, any public officers, such as Clerks of the Superior Courts and like officers. If the Legislature intended to embrace such public officers, generally, it would, most

likely, have done so in plain, direct terms, not leaving its purpose to conjecture and inference  Statutory criminal offences are not created simply by implication.  The purpose to create them must appear, in terms or by necessary implication, clearly to be seen.

In interpreting the statute under consideration in another aspect of it, in *State* v. *Costin*, 89 N. C., 511, we said: "The manifest purpose of the statute is to protect individuals and partnerships against frauds upon them, in respect to money, goods and chattels, and the several species of credit mentioned in it, on the part of their agents, clerks and servants; and corporations in like manner, against their officers, agents, clerks and servants; and other persons and corporations in like manner, when money, goods and chattels, and such other things, shall come into their possession, or under their care, by virtue of such office, or such other employment."  This seems to us a reasonable view of its meaning and purpose, and we see no reason prompting us to modify it in any respect.

That we have properly interpreted the meaning and purpose of the Legislature in enacting the statute under consideration, is more apparent in that it repeatedly passed statutes (*The Code*, §§ 1015, 1018, 3678, 3705) making certain specified classes of public officers indictable for embezzling moneys, and other things specified, wherewith they were charged by their offices.  These enactments were wholly unnecessary, if the words "any officer," construed above, were intended to embrace all public officers.

It was suggested that, possibly, the indictment might be upheld as for a violation of the other statute (*The Code*, § 1016).  We cannot think so.  It embraces "any officer, agent or employee of any city, county or incorporated town, or of any penal, charitable, religious or educational institution," or any person having "moneys or property in trust for any city, county," &c.  Granting that a Clerk of the

Superior Court is a county officer, as contemplated by this statutory provision, the defendant is not charged with the embezzlement of any moneys or property held in trust for a county—he is charged with the embezzlement of money, the property of a private individual, and very clearly, neither by its terms nor by implication, does the statute embrace such a case. Its purpose is to protect moneys and property of "any city, county or incorporated town, or of any penal, charitable, religious or educational institution"—not of private persons. It so expressly provides.

It was further suggested that the indictment was, possibly, sufficient as for a violation of the other statute (*The Code,* § 1090) It is not framed for or adapted to that purpose. This statute makes it a misdemeanor on the part of a Clerk, or certain other officers, to "willfully omit, neglect or refuse to discharge any of the duties of his office," &c. It is not charged that the defendant as Clerk, &c., was charged with a particular duty, and that he willfully omitted, neglected or refused to discharge the same, &c., except indirectly, by implication and mere inference. This is obviously not sufficient.

Contrary to what we at first thought, the Legislature has not deemed it wise and necessary to make Clerks of the Courts, and all other public officers, subject to the statute prescribing and defining the offence of embezzlement. It seems to have been supposed that, generally, the official bonds of such officers, their amenability to public sentiment, and their liability to be indicted for nonfeasance, misfeasance, and malfeasance in office, would be sufficient check upon dishonesty in the discharge of official duties. This may be a serious mistake, but it is not the province of Courts to devise further methods and means for suppressing such mischiefs. They must, and can only, apply the law as they find it prescribed by enactment of the Legisla-

ture.　We are of opinion that the Court should have quashed the indictment, upon the ground that it failed to charge a criminal offence under any statute.　There is, therefore, error.　The judgment must be reversed, and further proceedings had in the action in accordance with this opinion.

Error.