### STATE v. LEE BARTON.

(Decided December 19, 1899.)

*Embezzlement—The Code, Sec. 1014.*

To constitute embezzlement under the statute, the party charged must be an officer, clerk, employee or servant of the prosecutor, and not merely a contractor. (2) The property alleged to have been embezzled must be the property of the prosecutor.

INDICTMENT for embezzlement, tried at Fall Term, 1899, of MACON Superior Court, before *Coble, J.* There was a verdict of guilty, and the defendant appealed from the judgment pronounced.

*Mr. J. F. Ray,* for appellant.
*Attorney-General,* for the State.

FURCHES, J. The evidence was, that the defendant made a contract with the prosecuting witness, John Shope, by which the defendant was to make locust pins out of timber on the prosecutor's land; that defendant was to get them out, to have them hauled, and to pay the prosecutor one-half of the net profits; that defendant, under this contract, got out the

pins, hired them hauled, sold them for six or eight dollars, and never paid the prosecutor anything.

Among other things, the Court was asked to instruct the jury that, upon this evidence, if believed, the defendant was not guilty. This instruction was refused, and in this there is error.

The statute (Code, sec. 1014), provides that, "If any officer, clerk, employee or servant of any corporation, person or copartnership, shall embezzle or fraudulently convert to his own use, or shall take, make way with, or secrete, with intent to embezzle or fraudulently convert to his own use, any money, goods, or other chattels  *  *  *  belonging to any other person or corporation, which shall have come into his possession or under his care, shall be guilty of felony, and punished as in cases of larceny."

The defendant was not an officer, clerk, employee or servant of the prosecutor; nor were the locust *pins*, which he manufactured out of timber belonging to the prosecutor, the property of the prosecutor. Under the contract, as testified to by the prosecutor, they belonged to the defendant. The contract was, in effect and in law, a purchase by the defendant of the timber of the prosecutor, out of which to make the pins, and for which (as the prosecutor says), the defendant was to *pay him* one-half of the net proceeds. This was a valid sale for a valid consideration. The only thing that was not fixed and certain was the amount the prosecutor was to get for his timber; and that, according to the terms of the contract—the sale of the timber—depended upon the price for which the defendant should be able to sell the pins. It was the same in effect, as if the defendant had agreed to pay the prosecutor $4 for the timber when he sold the pins, but did not do so.

Therefore, as the defendant was not the "agent, clerk,

employee or servant" of the prosecutor, and as the defendant did not have "in his possession or under his care any property" (the pins) belonging to the prosecutor, he could not be convicted of embezzlement.

The prayer of the defendant should have been given.
New trial.