STATE v. O. L. KEITH.

(Decided May 29, 1900.)

*Embezzlement—Lessor and Lessee—Possession of Crops—*
*Breach of Trust—Remedy of Lessee.*

1. As a criminal offense, embezzlement is exclusively of statutory origin, and only embraces those relations enumerated in the· statute. The Code, sec. 1014.

2. The relation of lessor and lessee is not embraced in the statute. Possession of the crops is deemed vested in lessor. Code, sec. 1754. When the lessee is wrongfully deprived of the actual· possession of his crop by the lessor, he is left to his civil· remedy—sec. 1755—for the breach of trust, should the lessor refuse to account.

INDICTMENT for embezzlement, tried before *Coble, J.,* at Fall Term, 1899, of CHEROKEE Superior Court.

The prosecutor raised a tobacco crop on defendant's land, who sold it and refused to account for proceeds of sale.

The defendant demurred to the evidence and asked the Court to instruct the jury that there is no evidence on which to convict. His Honor declined to give the instruction, and the jury convicted the defendant, who appealed from the judgment.

*Attorney-General,* for the State.
Defendant not represented.

FAIRCLOTH, C. J. The defendant stands indicted under· The Code, 1014, ·for embezzlement. That section declares that "if any officer, agent, clerk, employee· or servant of any corporation, person or copartnership * * * shall embezzle or fraudulently convert to his own use, or shall take,·

make way with, or secrete, with intent to embezzle or fraudulently convert to his own use any money, goods or other chattels, bank note, check or order for the payment of money," etc.,    *    *    *    "belonging to any other person or corporation    *    *    *    which shall have come into his possession or under his care, he shall be guilty of felony.    The evidence is that Young, the prosecuting witness, cultivated the defendant's land, and was to pay one-half of the crop; that defendant took possession of the crop and sold it.    The tobacco belonged to Keith and Young, and the proceeds of sale belonged to Keith and Young, and Keith has never paid Young his share of the proceeds.    Is this embezzlement?

As a crime, embezzlement is unknown to the common law. A fraudulent appropriation to one's own use, of the money or goods of another, was only a breach of trust, remediable by civil process only.

As a criminal offense, embezzlement is exclusively of statutory origin, and is a felony or misdemeanor as such statutes may declare.    Our Legislature has declared in several instances that misappropriation of the money or goods of another, with intent to embezzle the same, shall be an indictable offense, and has declared it to be a felony in some cases and a misdemeanor in others.    They are found in our Code.    Lessor and lessee are not partners.    Code, sec. 1744. Possession of crops deemed vested in lessor.    Code, sec. 1754. When the lessee is deprived of the actual possession of his crop he is left to his civil remedy.    Code, sec. 1755.

Upon the facts in this case the defendant can not be treated as an "officer, agent, clerk, employee or servant" of his tenant.    They are joint owners of the crop, with possession deemed to be vested in the defendant landlord.    The defendant has sold the crop and has the proceeds in his possession.    His failure and refusal to pay the tenant his share

is a breach of trust as at common law. No statute has made it a crime, either as a felony or a misdemeanor. The indictment charges that the defendant was entrusted with money and a check by the witness (proceeds of the sale) and wilfully, unlawfully, fraudulently and feloniously appropriated the same to his own use with intent to embezzle and convert to his own use the said money and check. This, as we have said, is only a breach of trust at common law, and we have no statute declaring it to be a crime. The bill of indictment therefore charges no criminal offense. *State v. Barton,* 125 N. C., 702.

With this conclusion, we need not consider any other exception.

Error.