The facts are stated in the opinion of the Court.
This is an indictment against the Norfolk and Southern Railway Company and H. M. Kerr and Harry Woolcott, receivers thereof, appointed by the Federal court, for obstructing a public highway in Washington County. The obstruction consisted in leaving cars in the public road, contrary to the statute of this State. A summons was issued to the defendants, requiring them to appear at the October Term, 1909, of the Superior Court of said county and plead to the bill. This summons was returned by the sheriff as having been served upon W. J. Nicholson, local agent for the receivers, but there was no service of the notice upon the agents of the defendant corporation, and upon this ground a motion was made at the October term to quash the bill. The solicitor sent another indictment against the railroad company, which was returned a true bill by the grand jury, and *Page 752 
the trial of the case proceeded upon both bills, the second bill being treated as an additional count, or the two indictments as separate counts of the same bill. S. v. Perry, 122 N.C. 1018, and S. v. R. R.,125 N.C. 666. See, also, S. v. Johnson, 50 N.C. 221; S. v. McNeill,93 N.C. 552; S. v. Lee, 114 N.C. 844. The defendant entered a special appearance and objected to being tried on the new bill, on the alleged ground that no notice had been issued and served upon it, and for that reason it was not properly before the court; but it appears from the record that a notice was issued both against the corporation and the receivers. This was the proper way to bring the corporation into court to answer the indictment. S. v. R. R., 89 N.C. 584. It does not appear clearly in the record that this notice was served upon any agent of the corporation, as such, but only upon the agent of the receivers; but it is not necessary for us to discuss whether the corporation was properly brought into court, as it is our opinion that it was not, under the facts and circumstances of this case, liable to be indicted for the alleged nuisance. This Court has held that service on the receivers of a corporation in a civil suit is service against the corporation itself. Farriss v. R.R., 115 N.C. 600. Whether, if the corporation had been (787) liable to an indictment for the nuisance, this was a sufficient service to bring them into court for the purpose of answering or pleading to the indictment, is a question not necessarily before us. The court overruled the motion of the railway company to quash the bill, for the reason just assigned, and the defendant excepted.
The State introduced evidence tending to establish the nuisance. The defendants offered no testimony. The receivers, Kerr and Woolcott, moved the court to quash the indictment as to them, which motion was allowed. The Attorney-General admitted in this Court, orally and also in his able and learned brief, that the Court erred in discharging the receivers, and wittily remarked that "the court had the sow by both ears and needlessly turned loose one. Had the court turned loose the wrong one?" This, he says, is the point raised by the several motions and exceptions of the railway company. The Attorney-General then admits that the authorities are against the State upon this question. In Bishop's new Criminal Law (a work of great merit), at page 257, secs. 421 and 422, it is said: "If the affairs of a railway corporation are under the sole management of a receiver, over whose acts it has no control, it is not liable to a criminal prosecution for the nuisance of obstructing a highway by stopping thereon its trains; because, said Bennett, J., `no man or corporation should be made criminally responsible for acts which he has no power to prevent.'"
It is stated in 24 A. E. Enc. 12, that where a corporation is in the hands of a receiver, who has full possession of its property and entire *Page 753 
charge of its affairs, the corporation cannot be prosecuted for crimes and misdemeanors committed by the agents or servants of the receiver. See, also, R. R. v. Com., 33 S.W. 822; S. v. R. R., 88 Iowa 689; S. v. R. R.,115 Ind. 466; S. v. R. R., 30 Vt. 108. In all of the cases just cited it is held that a corporation cannot be convicted for crimes committed by the agents and employees of its receivers, and the decisions are based upon the ground that as a corporation can do no act which will be an interference with the operation of the road or the proper discharge of the duties committed to the receivers, while they are in full control, it consequently can commit no criminal offense through those who act only for the receivers.
We think it would be manifestly unjust and contrary to every elementary and settled principle of the criminal law to hold a natural person or corporation liable for an act which, according to the laws of the State where it is committed, is criminal, when the corporation or individual did not have the power to commit the act and which act was committed by receivers who, by the appointment and (788) authority of the court, had temporary charge of the assets of the individual or corporation when the act was committed. It would shock every man's sense of justice to lay down such a principle and it would make the innocent suffer for the wrongdoing of others over whom they had no power or control. The alleged nuisance was committed, if at all, in the operation of the railway company by the receivers, who were appointed by the Federal court, and the corporation had no right, through its officers or agents, to interfere with the receivers in the discharge of their duties. Any such interference would have been a contempt of the court which appointed the receivers, and subjected the corporation to a fine. Clark on Corporations (1897 Ed.), p. 200.
It is very true that a corporation may be liable criminally for unlawful acts committed by its agents. Mr. Clark, at pages 199 and 200 of his learned treatise, which we have just cited, says: "We have seen that a corporation may be held liable in tort for malicious wrongs, such as libel and malicious prosecution, and for fraud, the malice or evil intent of its agents being imputed to it; and that it may also be held liable in a civil action for assault and battery; and that exemplary or punitive damages may be recovered in proper cases. There is a strong tendency in some jurisdictions to extend this doctrine so as to include criminal prosecutions. Dr. Wharton says that there is no good reason why the same acts for which corporations are subject to civil suit may not equally be the basis for criminal proceedings, when they result in injury to the public at large. And it has been said in a late New Jersey case, after adverting to the fact that a corporation is civilly liable for malicious wrongs: `It is difficult, therefore, to see how a corporation *Page 754 
may be amenable to civil suit for libel and malicious prosecution and private nuisance, and be mulcted in exemplary damages, and at the same time not be indictable for like offenses where the injury falls upon the public. That malice and evil intent may be imputed to corporations has been repeatedly adjudged.' There are no cases thus far in which a corporation has been held liable criminally for malicious wrongs, or for wrongs involving a specific evil intent, or for wrongs involving the element of personal violence. On the contrary, actual authority, as far as it goes, is against any such doctrine. A corporation may be guilty of a contempt of court by reason of acts or omissions of its officers, as where they violate an injunction. And in such a case it is well settled that the court has the same power to punish it by a fine as it would have (789) in the case of a natural person." See, also, 1 Wharton's Criminal Law, sec. 87; S. v. Agricultural Society, 54 N.J. L., 260
(23 A. 680); Clark's Criminal Law, p. 79; Orr v. Bank, 1 Ohio, 36; Com. v.Proprietors, 2 Gray (Mass.), 339; Mayor v. Ferry Co., 64 N.Y. 624;U.S. v. R. R., 6 Fed., 237. Other authorities will be found cited in Clark on Corporations, at pages 199 and 200.
However this may be, the law will not punish a man or hold him to answer an indictment for an act which he did not and could not himself commit, or in the commission of which he did not participate. Whenever property has been seized by an officer of the court, by virtue of its process, it is to be considered as in the custody of the court and under its control for the time being, and this principle applies to property which has been taken into possession by receivers, who are considered as acting for the court and also, in a certain sense and in civil cases, in behalf of the corporation. A receiver is a ministerial officer of a court of chancery, appointed as an indifferent person between the parties to a suit merely to take possession of and preserve, pendente lite, the fund or property in litigation, when it does not seem equitable to the court that either of the litigants should have possession of it. He holds the property for the benefit of all the parties interested. His title and possession is that of the court, and any attempt to disturb his possession or to interfere with him, when he is acting under the authority and orders of the court, is contempt, and punishable accordingly. 3 Purdy's Beach on private Corporations (1905), sec. 1195.
Our opinion is that the receivers were indictable, at least individually, for having committed the nuisance, but that the defendant railway company was not so indictable. The judge charged the jury that if they were satisfied beyond a reasonable doubt, from the evidence, that since the defendant railway company had been placed in the hands of receivers by the Federal court, the receivers had, by their servants or agents, operated the same and willfully allowed their cars to remain in *Page 755 
the public road for one or two hours at a time and thereby obstructed it, and that said obstruction was not necessary to the proper management of the road, they should return a verdict of guilty against the railway company, to which charge the defendant railway company excepted and assigned the said instruction as error. It is our opinion that in the charge, as given to the jury, the law was not properly explained to them and the court committed error in holding that the railway company, in any view of the evidence, was criminally liable under the indictment returned by the grand jury. This error entitles the said (790) defendant to another jury; but in view of what we have said, we presume that the solicitor will not proceed further in the case as against the railway company.
New trial.
BROWN, J., not sitting — not being present.
Cited: S. v. Stephens, 170 N.C. 746.