BARNHILL, J., took no part in the consideration or decision of this case.
Criminal prosecution in which the defendant as receiver of the Bank of Vanceboro is charged with embezzlement.
The indictment charges that in May, 1924, the defendant was duly appointed receiver for the Bank of Vanceboro, a State banking institution, and that, as such, in the exercise of a public trust and as agent, consignee, clerk, employee and servant of the court and of the depositors, stockholders and creditors of the insolvent bank, he was entrusted with and did receive and take into his possession and have under his care large sums of money, to wit, $14,547.94, the property of said receivership, which the said Henry P. Whitehurst (being over the age of 16 years) did feloniously embezzle, fraudulently misapply, convert to his own use, etc., against the form of the statute in such case made and provided, and against the peace and dignity of the State.
Before pleading to the indictment, the defendant, through counsel, entered a demurrer and moved to quash upon the ground that a receiver is not covered by the embezzlement statute.
From judgment of quashal the State appeals, assigning error.
Does the fraudulent misapplication of receivership funds by the receiver of a State bank come within the purview of the embezzlement statute, C. S., 4268? We agree with the trial court that a receiver of an insolvent corporation is not within the terms of the statute.
A receiver is not eo nomine mentioned in the statute, and it is not thought that the language is broad enough to include a receiver of an insolvent corporation under the rule of ejusdem generis. See Calkins *Page 302 v. State, 18 Ohio State, 366, as reported in 98 Am. Dec., 121, with valuable note covering the whole subject.
As a forerunner to the embezzlement statute, provision was made in the Revised Code of 1854, ch. 34, sec. 18, for punishment at the whipping-post of any servant who withdrew from his master and went away with any money, goods or other chattels of the value of five dollars, to him entrusted by his master, with intent to steal the same, or who, being in the service of his master, embezzled any such money, goods or other chattels, or otherwise converted the same to his own use, contrary to the trust and confidence in him reposed. (Brought forward in Battle's Revisal, ch. 32, sec. 16.) See S.v. Lanier, 88 N.C. 658; S. c., 89 N.C. 517.
Then, in 1872, by act of Assembly adopted 8 February of that year, it was enacted: "If any officer, agent, clerk or servant of any corporation, or any clerk, agent or servant of any person or copartnership (except apprentices and other persons under the age of sixteen years) shall embezzle or fraudulently convert to his own use, or shall take, make away with or secrete, with intent to embezzle or fraudulently convert to his own use any money, goods or other chattels, . . . belonging to any other person or corporation which shall have come into his possession or under his care by virtue of such office or employment, he shall be deemed guilty of felony, and upon conviction thereof shall be punished as in cases of larceny." Chap. 145 Pub. Laws 1871-72. This is known as the embezzlement statute, and it appears in Battle's Revisal (1873) as ch. 32, sec. 136. It was brought forward as section 1014 in The Code of 1883.
In 1889 the section was amended by adding "consignee" to the persons designated, and enlarging its scope by inserting after the word "fraudulently," wherever it appears, the words "or knowingly and willfully misapply or." Chap. 226, Public Laws 1889.
Following the decision in S. v. Connelly, 104 N.C. 794, 10 S.E. 469
(Fall Term, 1889), in which it was held that a "clerk of the Superior Court" was not within the terms of the statute, the section was again amended making it applicable to any "public officer, clerk of the Superior or other court, sheriff or other person, or officer exercising a public trust or holding public office." Ch. 188, Laws and Resolutions, 1891.
In 1897 the section was further amended so as to embrace "guardians, administrators and executors." Ch. 31, Pub. Laws 1897.
With these amendments added, the statute was brought forward as section 3406 in the Revisal of 1905. It now appears as section 4268 in the Consolidated Statutes of 1919. (In the Code of 1883 the word "employee" appeared in the statute, but this has been eliminated in subsequent compilations. Similarly, the words "or copartnership" were omitted beginning with the Revisal of 1905, and the exception as to *Page 303 
"apprentices" does not appear in the Consolidated Statutes of 1919, as the law on apprentices was repealed by ch. 97, Pub. Laws 1919.)
Lastly, by amendment in 1931, the statute was made applicable to any "trustee" who embezzles the funds of his cestui. Ch. 158, Pub. Laws 1931.
Hence, in its present form, the statute applies to "any person exercising a public trust or holding a public office, or any guardian, administrator, executor, trustee, or any officer or agent of a corporation, or any agent, consignee, clerk or servant, except persons under the age of sixteen years, of any person."
Thus it will be seen that, by repeated amendments, the scope of the statute has been gradually enlarged and its base progressively broadened. But at no time has it been made applicable, ipsissimis verbis, to receivers of insolvent corporations. Nor does it appear, under the rule of strict construction (25 R. C. L., 1076) that the statute is susceptible of the interpretation inclusive of such receivers.
By the rule of strict construction, however, is not meant that the statute shall be stintingly or even narrowly construed (S. v. Earnhardt,170 N.C. 725, 86 S.E. 960), but it means that everything shall be excluded from its operation which does not clearly come within the scope of the language used. U.S. v. Wiltberger, 5 Wheat., 76. Criminal statutes are not to be extended by implication or equitable construction to include those not within their terms, for the very obvious reason that the power of punishment is vested in the legislative and not in the judicial department. It is the General Assembly which is to define crimes and ordain their punishment. Jennings v. Commonwealth, 109 Va. 821, 63 S.E. 1080, 132 A.S.R., 946, 17 Ann. Cas., 64, 21 L.R.A. (N.S.), 265. Compare S. v.Humphries, 210 N.C. 406, 186 S.E. 473, and S. v. Bell, 184 N.C. 701,115 S.E. 190.
The embezzlement statute begins by defining the classes of persons who may fall within its condemnation, or who may commit the statutory crime of embezzlement, and as it is a penal statute, creating a new offense, it cannot be extended by construction to persons not within the classes designated. 2 Bishop Crim. Law, sec. 331. In other words, if the statute be so worded as not to include the defendant, his office, or his status, an indictment thereunder will not lie against him. S. v. Keith, 126 N.C. 1114,36 S.E. 169; Calkins v. State, supra.
A receiver is usually denominated an officer of the court — an "arm" or "hand" of the court — but he holds no public office. Bairdv. Lefor, 52 N.D. 155, 201 N.W. 997, 38 A.L.R., 807; 23 R. C. L., 7; 22 R. C. L., 398. Nor is he engaged in exercising a public trust. People v.Showalter, 126 Cal.App. 665, 14 P.2d 1034. He is not an agent within the meaning of the embezzlement statute. S. v. Hubbard, 58 Kan. 797,51 P. 290, 39 L.R.A., 860. "The term `agent of a bank' *Page 304 
would ill describe the office of a receiver" — Mr. Justice Brandeis
in U.S. v. Weitzel, 246 U.S. 533. Nor is he a trustee in the sense this term is used in the statute. The property he administers is said to be incustodia legis. High on Receivers (4th Ed.), ch. 1, page 3. It may be noted, however, that the offense here charged apparently took place prior to the amendment of 1931, interpolating the word "trustee," and the term is not used in the indictment.
"A receiver is a ministerial officer of a court of chancery, appointed as an indifferent person between the parties to a suit merely to take possession of and preserve, pendente lite, the fund or property in litigation, when it does not seem equitable to the court that either of the litigants should have possession of it. He holds the property for the benefit of all the parties interested. His title and possession is that of the court, and any attempt to disturb his possession or to interfere with him, when he is acting under the authority and orders of the court, is contempt, and punishable accordingly" — Walker, J., in S. v. R. R.,152 N.C. 785, 67 S.E. 42, 21 Ann. Cas., 692, 26 L.R.A. (N.S.), 710.
"Generally speaking a receiver is not an agent, except of the court appointing him; the very term receiver negatives such an idea. He is merely a ministerial officer of the court or, as he is sometimes called, the hand or arm of the court, . . . really representing the court, and acting under its direction, for the benefit of all the parties in interest. . . . His acts and possession are the acts and possession of the court. . . . The parties to the litigation have not the least authority over him. . . . His authority is derived solely from the act of the court appointing him, . . . and he is the subject of its order only." 23 R. C. L., p. 7.
In People v. Goldman, 318 Ill. 77, it was held that a receiver of a partnership estate was covered by the embezzlement statute under the principle of ejusdem generis, executors and administrators being specifically mentioned therein. The Illinois statute is also somewhat broader than ours. Whether a collector of a decedent's estate would come within the purview of our statute we make no decision. The question is not before us.
Nor is it essential presently to premise whether a receiver of an insolvent corporation is covered by any of the cognate statutes, C. S., 4269 to 4276, inclusive. It is enough to say the defendant is not indicted under any of these statutes.
The case of S. v. Ray, 207 N.C. 642, 178 S.E. 224, wherein a commissioner to sell land was charged with embezzlement, is not an authority in support of the present indictment. There the bill was not challenged by demurrer or motion to quash, and its sufficiency was not mooted. The case was made to turn on the inadequacy of the court's charge to the jury. *Page 305 
Whether the scope of the statute should again be enlarged so as to include receivers is a legislative rather than a judicial question. WakeCounty v. Faison, 204 N.C. 55, 167 S.E. 391. "It is ours to construe the laws and not to make them." — Hoke, J., in S. v. Barksdale,181 N.C. 621, 107 S.E. 505. "It is in the province of the lawmaking power to change or modify the statute, not ours." — Clarkson, J., inDill-Cramer-Truitt Corp. v. Downs, 201 N.C. 478, 160 S.E. 492. What the General Assembly has written it has written, and if it be not satisfied with its present writing it can write again. However much we may think the law might well be otherwise, this should not blind our judgment to what it really is. It is ours only to declare the law, not to make it. Moore v.Jones, 76 N.C. 187. A casus omissus is not unusual, especially in legislation of this kind, as witness the numerous amendments to the statute. U.S. v. Weitzel, supra. On the other hand, it is remembered that receivers are required to give bond, and they are subject to the summary powers of the court. S. v. Morris, 120 Wn. 146, 207 P. 18. No doubt, in the instant case, had the facts been developed, a different picture would have been presented. But why go through the tedium of a trial if the bill charge no crime? S. v. Barton, 125 N.C. 702, 34 S.E. 553.
On the record as it now appears, and under the law as written at the time, the judgment of quashal would seem to be correct.
Affirmed.
BARNHILL, J., took no part in the consideration or decision of this case.