

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 15, 1967

Hon. Neal E. Birmingham
Criminal District Attorney
Cass County
Linden, Texas

Opinion No. M- 74

Re: Whether a District Clerk
can serve as a receiver
in a case pending in the
court of which he is the
clerk.

Dear Mr. Birmingham:

By letter you have requested an opinion in regard to
the above stated matter, and we quote from your letter as follows:

"Mr. W. A. Watson, Jr., is the duly elected
and acting clerk of the District Court of Cass
County, Texas. From time to time it is neces-
sary for the court to appoint a receiver in cer-
tain civil cases. It is often inconvenient and
difficult to obtain the services of a dependable
and qualified person in Cass County. This is
particularly true when nominal amounts are in-
volved.

"It would be beneficial and convenient to
the court, the Bar and the litigants if Mr. Watson
could be appointed . . . . .

" . . . .

"This is not a matter involved in litigation
or likely to be. The request is made solely in
order to properly advise Mr. Watson and the court
and Bar as to whether or not such appointment is
either prohibited or incompatible with his
official duties."

At the outset, we have considered the effect of Sections
33 and 40 of Article XVI, Vernon's Texas Constitution, upon the
qualifications of a District Clerk to serve as a receiver. We
have concluded that a District Clerk may serve as a receiver without
violating the dual office holding prohibition of our constitution

- 338 -

and would not vacate his office by being appointed receiver.

> "Ordinarily a receiver is a disinterested person appointed by the court to receive and pre-serve property or funds in litigation pendente lite." 49 Tex.Jur.2d, 12, Receivers, Sec. 1.

> "A receiver acts as an officer of the court, and his duty is to protect the interests of all, pending the ligitation." Faulk v. Futch, 147 Tex. 253, 214 S.W.2d 614 (1948).

The statement is made in 45 Am.Jur. 108, Receivers, Sec. 128, that while the receiver is an officer of the court, he holds no public office and is not engaged in exercising a public trust. The case of State v. Whitehurst, 113 A.L.R. 740, 212 N.C. 300, 193 S.E. 657 is cited as authority. Although the Texas courts have not passed directly on this matter, the Court of Civil Appeals in Texarkana has stated:

> "The inhibition of the statute, we think, is against persons interested in the subject-matter of the litigation or results sought to be attained thereby. It is common practice in some jurisdictions to appoint the clerk of the court receiver, and a sheriff has been held not to be ineligible to appointment. . . ." Crawford v. Crawford, 163 S.W. 115-116 (Tex.Civ.App. 1913, n.w.h.). (Emphasis added.)

In the situation of a court reporter, it was held in Robertson v. Ellis County, 84 S.W. 1097 (Tex.Civ.App. 1905, n.w.h.), that a court reporter was not a public officer, but only an officer of the court. We believe that a receiver comes within this rule. In this connection, also see Attorney General's Opinions Nos. 0-6491 and 0-5371.

## S U M M A R Y

A district clerk may accept an appointment as a receiver in a case pending in the court of which he is the clerk, without vacating his office.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

- 339 -

Hon. Neal E. Birmingham, page 3 (M-74)


Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
John Reeves
Gordon Cass
Neil Williams
Ralph Rash

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.