EARLS, Justice.
*281 **203 The petitioner, J.C., was granted an expunction of arrest, trial, and conviction records from a prior conviction and from previously dismissed charges pursuant to N.C.G.S. §§ 15A-145.5 and 15A-146, respectively. The statute authorizing expunction of his dismissed charges was first enacted in 1979 "to provide for the expunction of arrest and trial records of youthful offenders when charges are dismissed or when there are findings of not guilty." See Act of Feb. 20, 1979, Ch. 61, 1979 N.C. Sess. Laws 34. At issue here is the proper application of the statute **204 authorizing expunction of his conviction, N.C.G.S. § 15A-145.5. This law was enacted in 2012 "to allow for expunction of nonviolent felonies or nonviolent misdemeanors after fifteen years for persons who have had no other convictions for felonies or misdemeanors other than traffic violations under the laws of the United States, this State, or any other jurisdiction, as recommended by the Legislative Research Commission." See Act of July 2, 2012, Ch. 191, 2011 N.C. Sess. Laws 901 (Reg. Sess. 2012).[1] The statute authorizes a court to order that a person "be restored, in the contemplation of the law, to the status the person occupied before such arrest or indictment or information." N.C.G.S. § 15A-145.5(c) (Supp. 2018).
Previously the State has sought appellate review of expunction orders through petitions for writ of certiorari, which the Court of Appeals has allowed on several occasions. See State v. Frazier , 206 N.C. App. 306, 697 S.E.2d 467 (2010) (reversing grant of expunction when trial court erroneously applied statute to a conviction occurring before the effective date of the statute); In re Expungement for Kearney , 174 N.C. App. 213, 620 S.E.2d 276 (2005) (reversing order granting expunction of conviction and affirming expunction of dismissed charge); In re Robinson , 172 N.C. App. 272, 615 S.E.2d 884 (2005) (reversing erroneous expunction of multiple, unrelated offenses occurring over a period of years); In re Expungement for Spencer , 140 N.C. App. 776, 538 S.E.2d 236 (2000) (reversing order granting expunction to defendant who was over the age of twenty-one at the time of the offense).
For the first time, in this case the State seeks to appeal as a matter of right the trial court's order granting J.C.'s expunction with respect to his conviction for the offense of indecent liberties with a child. The Court of Appeals dismissed the State's appeal, holding the State had no right to appeal the expunction order. The State filed a petition for discretionary review with this Court, as well as a petition for writ of certiorari. We granted the State's petition for discretionary review to determine whether the Court of Appeals erred in dismissing the State's appeal **205 from an order granting expunction under N.C.G.S. § 15A-145.5. Because we conclude that the State does not have a right of appeal in orders granting expunctions under N.C.G.S. § 15A-145.5, we affirm the Court of Appeals' decision.
Factual and Procedural Background
On 11 June 1987, petitioner pleaded guilty in Superior Court, Onslow County to one count of indecent liberties which occurred on 24 May 1986. In exchange for J.C.'s guilty plea, the State dismissed a second indecent liberties charge, as well as an incest charge. The trial court sentenced J.C. to a three-year term, which was suspended for three years subject to supervised probation. On 11 June 2015, J.C. filed a petition in Onslow County under N.C.G.S. § 15A-145.5 seeking expunction *282 of the offense to which he pleaded guilty. J.C. also filed a petition seeking an expunction under N.C.G.S. §§ 15A-145(a) and 15A-146 regarding the two charges against him that were dismissed.
According to section 15A-145.5, a person who has been previously convicted of a "nonviolent felony" as defined in the statute may "file a petition, in the court of the county where [he] was convicted, for expunction of [the] ... conviction from the person's criminal record if [he] has no other misdemeanor or felony convictions, other than a traffic violation." N.C.G.S. § 15A-145.5(c). The statute contains a number of conditions, including that the qualifying offense not have been:
(1) A Class A through G felony ....
(2) An offense that includes assault as an essential element of the offense.
(3) An offense requiring registration pursuant to Article 27A of Chapter 14 of the General Statutes, whether or not the person is currently required to register.
(4) Any of the following sex-related or stalking offenses: G.S. 14-27.25(b), 14-27.30(b), 14-190.7, 14-190.8, 14-190.9, 14-202, 14-208.11A, 14-208.18, 14-277.3, 14-277.3A, 14-321.1.
....
(7) An offense under G.S. 14-401.16.
....
(8) Any felony offense in which a commercial motor vehicle was used in the commission of the offense.
**206 Id. § 15A-145.5(a)(1)-(8) (Supp. 2018). In the affidavit accompanying his petition, J.C. asserted that the felony for which he was convicted "[wa]s a Class H felony" which "did not include assault as an essential element of the offense" and "does not require registration pursuant to Article 27A of Chapter 14." Petitioner averred that his conviction also did not fall under N.C.G.S. § 15A-145.5(a)(4), (a)(7), or (a)(8).
On 8 August 2016, Judge Mary Ann Tally granted both petitions for expunction pursuant to N.C.G.S §§ 15A-145.5 and 15A-146 and ordered that the offenses be removed from J.C.'s record. On 23 August 2016, Judge Tally entered both orders for expunction, after which the State appealed the order expunging J.C.'s conviction records to the Court of Appeals. On 19 September 2017, the Court of Appeals dismissed the State's appeal. County of Onslow v. J.C. , --- N.C. App. ----, 805 S.E.2d 360 (2017). The court then allowed the State's petition for rehearing and on 7 November 2017, issued an opinion dismissing the State's appeal and denying the State's petition for writ of certiorari. County of Onslow v. J.C. , --- N.C. App. ----, 808 S.E.2d 154, 155-56 (2017). On appeal, the State challenged only the order granting defendant an expunction for his conviction pursuant to N.C.G.S. § 15A-145.5 and made no argument regarding the expunction under N.C.G.S. § 15A-146. Id. at ----, 808 S.E.2d at 155. In its opinion the Court of Appeals unanimously concluded that the State had no statutory right to appeal the expunction order and that when the State fails to demonstrate its right to appeal, the appellate court lacks jurisdiction over the matter. Id. at ----, 808 S.E.2d at 155. On 27 November 2017, the State petitioned this Court for discretionary review and for writ of certiorari. This Court issued a special order allowing the State's request for discretionary review on 14 August 2018.
Analysis
This case of first impression requires us to apply the plain language of the statutory framework established by the General Assembly for the expunction of certain criminal record information. Questions of statutory interpretation, like questions of law, are reviewed de novo. In re D.S. , 364 N.C. 184, 187, 694 S.E.2d 758, 760 (2010) (citation omitted). "As a general rule the prosecution cannot appeal or bring error proceedings from a judgment in favor of the defendant in a criminal case, in the absence of a statute clearly conferring that right." State v. Harrell , 279 N.C. 464, 466, 183 S.E.2d 638, 640 (1971) (quoting State v. Vaughan , 268 N.C. 105, 108, 150 S.E.2d 31, 33 (1966) ).
The statute at issue here designates a petition for an expunction as "a motion in the cause in the case wherein the petitioner was convicted."
*283 N.C.G.S. § 15A-145.5(c)(3). Considering the statute's plain language, an **207 expunction petition is part of the underlying criminal proceeding, making expunctions criminal matters. "The right of the State to appeal in a criminal case is statutory, and statutes authorizing an appeal by the State in criminal cases are strictly construed." State v. Elkerson , 304 N.C. 658, 669, 285 S.E.2d 784, 791 (1982) (citations omitted). This Court has recognized that "[t]he only statutory authority we find which permits an appeal by the State in a criminal case is contained in G.S. 15A-1445." Id. at 669, 285 S.E.2d at 791. In a criminal case the State may appeal only under the following circumstances:
(1) When there has been a decision or judgment dismissing criminal charges as to one or more counts.
(2) Upon the granting of a motion for a new trial on the ground of newly discovered or newly available evidence but only on questions of law.
(3) When the State alleges that the sentence imposed:
a. Results from an incorrect determination of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21 ;
b. Contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level;
c. Contains a term of imprisonment that is for a during not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level; or
d. Imposes an intermediate punishment pursuant to G.S. 15A-1340.13(g) based on findings of extraordinary mitigating circumstances that are not supported by evidence or are insufficient as a matter of law to support the dispositional deviation.
(b) The State may appeal an order by the superior court granting a motion to suppress as provided in G.S. 15A-979.
N.C.G.S. § 15A-1445 (2017). Because section 15A-1445 is to be strictly construed, any deviations from or additions to the orders or rulings **208 appealable by the State must be authorized by the legislature, not the courts. Elkerson , 304 N.C. at 670, 285 S.E.2d at 792 ("If the State's right to appeal is to be enlarged, it must be done by the legislature."). It is not the province of the courts to rewrite statutes absent some constitutional defect or conflict with federal law. See State ex rel. McCrory v. Berger , 368 N.C. 633, 661, 781 S.E.2d 248, 266 (2016) (Newby, J., concurring in part and dissenting in part) ("When one branch interferes with another branch's performance of its constitutional duties, it attempts to exercise a power reserved for the other branch."). Judicial restraint requires us to defer to the will of the General Assembly. State v. Whitehurst , 212 N.C. 300, 303, 193 S.E. 657, 659-60 (1937) ("Criminal statutes are not to be extended by implication or equitable construction to include those not within their terms, for the very obvious reason that the power of punishment is vested in the legislative and not in the judicial department. It is the General Assembly which is to define crimes and ordain their punishment.")
In this case our task is straightforward because "[w]hen the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." In re Banks , 295 N.C. 236, 239, 244 S.E.2d 386, 388-89 (1978). The statute governing the State's right to appeal, N.C.G.S. § 15A-1445, does not contain language allowing the State to appeal an expunction order. The statute governing defendant's expunction, N.C.G.S. § 15A-145.5, allows for the State to object to a petition for an expunction before the hearing takes place; however, the statute does not afford the State the right to appeal an expunction order.
The State contends that expunction hearings are civil proceedings, similar to hearings *284 conducted to determine an individual's eligibility for satellite-based monitoring, and therefore, the State's right to appeal should be governed by N.C.G.S. § 7A-27, which generally allows any party an appeal of right to the Court of Appeals from a final judgment of a superior court. N.C.G.S. § 7A-27(b)(1) (2017). Because the court's order granting petitioner an expunction of his criminal history record essentially disposed of the matter, the State argues it is a final order appealable under section 7A-27.
The legislature stated that a petition for an expunction "is a motion in the cause in the case wherein the petitioner was convicted." N.C.G.S. § 15A-145.5(c)(3). The plain effect of that provision is that an expunction order is one arising in a criminal proceeding. As further support for the proposition than an expunction is part of a criminal proceeding, it **209 is significant that the legislature placed the expunction statute, N.C.G.S. § 15A-145.5, in the chapter addressing criminal procedure. Here again, as this Court has held consistently, clear statutory language must be given its plain meaning. See, e.g. , State ex rel. Utilities Com. v. Edmisten , 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977) (reversing the Utilities Commission's approval of a surcharge because it violated clear statutory language and thereby was unauthorized). An expunction proceeding is part of a criminal case.
Moreover, the State's contention that expunction proceedings are similar to satellite-based monitoring (SBM) proceedings is incorrect based on the plain language of the SBM statutes. This Court addressed SBM in State v. Bowditch , 364 N.C. 335, 342, 700 S.E.2d 1, 6 (2010), and determined that the legislature intended SBM to be "a nonpunitive, regulatory program." The Court looked to the legislature's purpose in placing SBM in the same chapter as the sex offender registration laws and concluded that SBM was one part of a larger framework involving the sex offender registration program, stating that the "legislative objective [was] to make the SBM program one part of a broader regulatory means of confronting the unique 'threat to public safety posed by the recidivist tendencies of convicted sex offenders.' " Id. at 343, 700 S.E.2d at 7 (quoting State v. Abshire , 363 N.C. 322, 323, 677 S.E.2d 444, 446 (2009) ). The expunction statutes are distinct from SBM statutes in that expunction provisions are located in Chapter 15A, the Criminal Procedure Act, and not in Chapter 14, which contains the SBM and sex offender registration statutes. Considering that a petition for an expunction "is a motion in the cause in the case wherein the petitioner was convicted," an expunction petition is one part of the broader criminal procedure applicable to offenders and consequently, is governed by N.C.G.S. § 15A-1445 and not N.C.G.S. § 7A-27. N.C.G.S. § 15A-145.5(c)(3).
It is also important to note that after the Court of Appeals issued its opinion in this case, the General Assembly amended section 15A-145.5 but did not include a right to appeal on the part of the State. See Act of June 27, 2017, Ch. 195, Sec. 1, 2017 N.C. Sess. Laws 1387, 1387-88. We can find good reasons to support the policy judgment made by the General Assembly to not give the State an absolute right to appeal any expunction order. Based on the statute, the process for an expunction is straightforward and more ministerial than deliberative. As long as the petitioner meets the relevant criteria, he may be granted an expunction. Unlike a trial where evidence is weighed, in an expunction proceeding a petitioner either meets the criteria or does not. This approach is also reflected in recently introduced bills in the General Assembly that **210 provide for the automatic expunction of certain records and remove the requirement for a hearing on the petition. See H. 132, 154th Gen. Assemb., Reg. Sess. (N.C. 2019); S. 82, 154th Gen. Assemb., Reg. Sess. (N.C. 2019). Nevertheless, whatever future changes to the process might be made, those are for the legislature to determine, not this Court.
Our decision today in no way forecloses the opportunity to correct errors of law that may occur at the trial court level. As it has done in the past, the State may seek review of an expunction order by writ of certiorari. Considering that the vast majority of expunction proceedings do not invoke the court's discretion when deciding whether to grant or deny *285 such an order, an unjust outcome that would invoke certiorari review should rarely arise. Since N.C.G.S. § 15A-145.5 is "clear and unambiguous," we must "give effect to the plain and definite meaning of the language," Carolina Power & Light Co. v. City of Asheville , 358 N.C. 512, 518, 597 S.E.2d 717, 722 (2004) (quoting Fowler v. Valencourt , 334 N.C. 345, 348, 435 S.E.2d 530, 532 (1993) ), which fails to give the State the right to appeal.
Although not binding on this Court, it is worth noting that other jurisdictions have followed the same reasoning as ours to conclude there was no statutory right to appeal an expunction order under their state statutes. See, e.g. , Bell v. State , 217 So.3d 962 (Ala. Crim. App. 2016) ("There is no provision in Chapter 27 of Title 15, 'Expungement,' for a direct appeal of the denial of a petition for expungement."). Likewise, in State v. Alder , 92 S.W.3d 397, 401 (Tenn. 2002) the Tennessee Supreme Court stated: "Because of the plain and unambiguous language of Rules 3(b) and 3(c), we conclude that neither the State nor a criminal defendant has the authority to appeal as of right an unfavorable ruling concerning an expungement order under Rule 3." Alder was later superseded by statute to allow a defendant to appeal a final expunction order as of right. State v. Rowland , 520 S.W.3d 542, 545 (Tenn. 2017) (citing N.C. R. App. P. 3(b) ) (amended 2003).
Conclusion
The legislature did not give the State the right to appeal an expunction order in N.C.G.S. § 15A-145.5 and did not amend section 15A-1445 to include this right. It is not the Court's role to now expand N.C.G.S. § 15A-145.5 to include this right, or to construe N.C.G.S. § 7A-27 as governing procedure in a criminal matter not clearly brought under that statute's provisions authorizing appeals of right from the trial courts. Therefore, the Court of Appeals' decision holding that the State does not have a right to appeal an order granting an expunction is affirmed.
**211 AFFIRMED.

"In its 2012 report recommending the addition of a new expunction category for certain non-violent felonies and misdemeanors, which would later form the basis for the original section 145.5 expunction statute, the North Carolina General Assembly's Criminal Record Expunction Committee noted that '[e]xpunction is a process that can and should be used to give people who have committed minor crimes a clean slate and a fresh start, especially when a significant amount of time has passed without further trouble.' " Charles J. Johnson, Automatic (Expunctions) for the People: For A Court-Initiated Expunction Right in North Carolina for Charges Not Resulting in Conviction , 96 N.C. L. Rev. 573, 591 (2018) (alteration in original) (footnotes omitted).