STATE v. O. C. JOHNSON.

(Filed 15 December, 1937.)

**1. Criminal Law § 23b——Prosecution for continuing offense as bar to subsequent prosecution.**

The prosecution of a defendant for a breach of the criminal law constituting a continuing offense is a bar to a subsequent prosecution for such breach during any time up to the institution of the first prosecution, but does not bar a subsequent prosecution for such breach after the institution of the first prosecution.

**2. "Continuing Offense" defined.**

A continuing offense is a breach of the criminal law not terminated by a single act or fact, but which subsists for a definite period and is intended to cover or apply to successive similar obligations or occurrences.

**3. Criminal Law § 23b——Prosecution for willful failure to support illegitimate child is not bar to subsequent prosecution.**

Defendant was convicted and served the sentence imposed for willfully failing and refusing to support his illegitimate child, ch. 228, Public Laws of 1933. After completion of his term, defendant still willfully failed and refused to support the child, and this prosecution was instituted for breach of the statute subsequent to his release. Defendant entered a plea of former jeopardy. *Held:* The violation of the statute constitutes a continuing offense, and the prior prosecution is not a bar to a prosecution for breach of the statute for the period subsequent to defendant's release from the imprisonment imposed in the first prosecution.

**4. Bastards § 1——**

The willful failure and refusal to support an illegitimate child, ch. 228, Public Laws of 1933, constitutes a continuing offense, and the decisions under C. S., 4447 are inapposite, since under the former act abandonment was an essential element of the offense.

APPEAL by defendant from *Sinclair, J.,* at the May Special Term, 1937, of GUILFORD. No error.

This is a criminal action in which the defendant is charged with violating the provisions of chapter 228 of the Public Laws of 1933, C. S., 276, subsections A to I, it being charged that the defendant willfully neglected and refused to support and maintain his illegitimate child begotten of Mozelle Ray.

On 2 April, 1936, defendant was indicted by warrant issued by a justice of the peace, in which he was charged with unlawfully and willfully neglecting and refusing to support and maintain his illegitimate child, begotten of Mozelle Ray. Probable cause was found and he was held under bond for his appearance in the municipal court of Greensboro. Upon his trial in the municipal court he was convicted as charged and prosecuted his appeal to the Superior Court. On trial in the Supe-

rior Court the jury found, upon separate issues, that the defendant was the father of the illegitimate child of the prosecuting witness, and that he had willfully failed and refused to support it. Judgment was pronounced that the defendant be confined in jail for a term of six months and assigned to work the roads as provided by law. The defendant served the term imposed and after the completion thereof still willfully and unlawfully failed and neglected to support said child. Thereupon, on 1 March, 1937, another warrant, charging that the defendant unlawfully failed and refused to support his illegitimate child begotten upon the body of Mozelle Ray for the period subsequent to his discharge was issued by a justice of the peace. When the case was called for trial the defendant entered his plea of former jeopardy. Probable cause was again found and the defendant was held under bond for trial in the municipal court. The municipal court overruled the defendant's plea of former jeopardy and entered a verdict of guilty. From judgment pronounced the defendant appealed to the Superior Court.

On the trial of the defendant in the Superior Court the jury rendered the following special verdict upon the plea of former jeopardy, to wit:

"We, the jury, upon the issue of former jeopardy submitted to the jury, find the following facts and return the same as its special verdict.

"That the defendant O. C. Johnson was indicted by warrant dated 2 April, 1936, alleging that he did unlawfully and willfully fail and neglect to support an illegitimate child begotten on the body of Mozelle Ray, by the said O. C. Johnson.

"That said warrant was issued by W. S. Lyon, justice of the peace, and upon hearing on said warrant by John Strickland, J. P., before whom said case was removed, the defendant was bound to the municipal court of the city of Greensboro, in which court said case was tried on 24 April, 1936, under the law as set forth in chapter 228, Public Laws of 1933, when and where the defendant was convicted, and from the order made by said municipal court appealed to the Superior Court of Guilford County.

"That said case came on for trial at the August, 1936, Term of Guilford County Superior Court, when and where the jury returned the following answers to the issues submitted, to wit:

"1. Is the defendant the father of the illegitimate child of the prosecuting witness, as alleged by her? Answer: 'Yes.'

"2. Has the defendant willfully failed and refused to support and maintain his illegitimate child? Answer: 'Yes.'

"That said court was a court of competent jurisdiction, that the jury trying said case was duly sworn and impaneled and was legally constituted to try and pass upon said case.

"That upon the coming in of the verdict, counsel for the defendant, after conferring with his client, stated that defendant does not feel that he should make any contribution to the prosecuting witness for the use and benefit of the child after the court had intimated $1.50 per week, he admitting that he was earning $20.00 per month, and that he would rather be confined under statute.

"Whereupon, it is ordered and adjudged that the defendant be confined in the common jail of Guilford County for a period of six (6) months, to be assigned to work under the supervision of the State Highway and Public Works Commission as provided by law.

"That no other or further provision was imposed upon the defendant and he has fully served said sentence.

"That after the defendant had completed his term of six months and returned home another warrant was taken out against the defendant under date of 1 March, 1937, as follows:

"That on or about 15 February, 1937, O. C. Johnson did unlawfully fail, refuse, and neglect to provide adequate support for his illegitimate child begotten upon the body of one Mozelle Ray:

"That in answer to said charge the defendant enters a plea of former jeopardy, and alleges that he was tried and convicted of the identical offense at the August, 1936, Term of this court, and has served six months sentence, which is the maximum under law, and that said offense is not a continuing offense under the law and that he is not guilty.

"That the child with which the defendant is charged with unlawfully and willfully failing to support in the present warrant is the same child set out and described in the warrant on which the defendant was tried at the August, 1936, Term, and for which conviction he served the term of six months.

"That the defendant has never contributed anything to the support of said child.

"The defendant in the instant case was tried on said warrant in the municipal court of the city of Greensboro; his plea of former jeopardy was overruled, verdict of guilty was rendered against him, and judgment was rendered the defendant to serve a sentence of six months on the roads, to be assigned to work under the supervision of the State Highway and Public Works Commission, as provided by law, and suspended upon condition that the defendant pay to the prosecuting witness for the support of the illegitimate child in question the sum of three dollars ($3.00) per week. From said verdict and judgment the defendant gave notice of appeal to the Superior Court of Guilford County.

"We, the jury, find the foregoing facts, and if on such facts the court is of the opinion that the defendant has heretofore been placed in

STATE v. JOHNSON.

jeopardy on the charge contained in the warrant, then we, the jury, answer the issue submitted to us, 'Yes'; and if the court be of the opinion that the defendant has not heretofore been placed in jeopardy, then we answer the issue, 'No.'"

An additional issue was submitted to and answered by the jury as follows:

"2. Has the defendant O. C. Johnson willfully failed and refused to support his illegitimate child?  Answer: 'Yes.'"

Upon the facts found by the jury, as set forth in its special verdict, the court was of the opinion, and so held, that the defendant had not theretofore been placed in jeopardy on the charge contained in the warrant, and thereupon, under authority contained in the special verdict, answered the first issue as to former jeopardy, "No."

Upon the coming in of the verdict, the court pronounced judgment. The defendant excepted to the ruling of the court that the facts found by the jury, as incorporated in its special verdict, did not sustain the plea of former jeopardy, and likewise excepted to the judgment pronounced, and appealed.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Sharp & Sharp for defendant, appellee.*

BARNHILL, J.  Does chapter 228 of the Public Laws of 1933 create a continuing offense?  This is the one question involved on this appeal. If the act does not create a continuing offense, the defendant's plea of former jeopardy must be sustained.  If it does create a continuing offense, his conviction upon a charge of willfully failing and neglecting to support his illegitimate child prior to 2 April, 1937, is a bar only to any further proceedings on account of his conduct prior to the date of his conviction.  The defendant, through his counsel, consented that the second issue submitted to the jury should be answered in the affirmative, and he thereby admitted that since completion of his sentence under his former conviction he has willfully failed and neglected to support his illegitimate child.  If the act creates a continuing offense, his conduct after his discharge in willfully failing and neglecting to support his illegitimate child creates a separate and distinct offense and his plea of former jeopardy will not avail him.

The prosecution of a defendant charged with the violation of a continuing offense is a bar to a subsequent prosecution for the same offense charged to have been committed at any time before the institution of the first prosecution.  But it is not a bar to a subsequent prosecution for

continuing the offense thereafter, as this is a new violation of the law. Each day during which it is continued constitutes a separate offense and will support a separate prosecution, provided the warrant or indictment alleges separate and distinct times during which the offense was committed. 16 C. J., sec. 447. *Com. v. Peretz,* 212 Mass., 253, 98 N. E., 1054, Ann. Cas., 1913-D, 484; *Com. v. Robinson,* 126 Mass., 259, 30 Am. R., 674. Where the periods covered by the two indictments are entirely separate and distinct a prosecution under one will not bar a prosecution under the other. 16 C. J., sec. 447; *U. S. v. Swift,* 186 Fed., 1002; *Com. v. Anderson,* 220 Mass., 142, 107 N. E., 523.

A continuing offense is an unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force however long a time it may occupy. When such an act, or series of acts, runs through several jurisdictions, the offense is committed and cognizable in each. See *Armour Packing Co. v. U. S.,* 82 C. C. A. (U. S.), 135; 14 L. R. A. (N. S.), 400, 153 Fed. Rep., 1. A continuing offense is a transaction or a series of acts set on foot by an unintermittent force no matter how long a time it may occupy. Black's Law Dictionary. *People v. Sullivan,* 33 Pacific, 701, 9 Utah, 195; *Estepp v. State,* 11 Okla. Cr., 103, 143 Pacific, 64; *State v. Brown,* 133 Pacific, 1143. A continuing offense is an offense which continues day by day. *S. v. Jones,* 201 N. C., 424, 160 S. E., 468. An offense is a crime or misdemeanor; a breach of the criminal law. "Continuing" means enduring, not terminated by a single act or fact; subsisting for a definite period or intended to cover or apply to successive, similar obligations or occurrences. A continuing offense, therefore, is a breach of the criminal law not terminated by a single act or fact, but which subsists for a definite period and is intended to cover or apply to successive similar obligations or occurrences.

Can it be said that an indictment and conviction for keeping a gaming house, or maintaining a disorderly house, or a house of ill-fame, precludes further prosecution of the same defendant for keeping the same gaming house, or maintaining the same disorderly house, or house of ill-fame, after his discharge from imprisonment under the first conviction? It has not been so held by the courts. If a person is indicted for practicing law or medicine, or other profession requiring a license, without first having obtained such license, does he by his conviction and imprisonment thereby vest himself with a license to thereafter violate the law with impunity? Would one who is convicted of maintaining a public nuisance and who received the maximum term therefor, thereafter be protected by the plea of former jeopardy in maintaining the same nuisance at the same place and under the same circumstances after his discharge from custody? Can we say that one who is convicted on the

STATE *v.* JOHNSON.

charge of vagrancy is forever thereafter protected by such a plea? We feel that no one would undertake to answer these questions in the affirmative.

Can it be said, then, that the defendant, by reason of the fact that he has been convicted and imprisoned for his violation of the statute under consideration up to 2 April, 1937, was thereby relieved from the duty imposed upon him by the statute? After his discharge from custody, was it not still his duty to support and maintain his illegitimate child, and was not his willful failure and neglect to do so a crime separate and distinct from the one for which he was convicted? We are of the opinion that these questions must likewise be answered in the affirmative. Could it be said that if the defendant and his illegitimate child had resided in one county for the first twelve months of the life of the child and they had thereafter moved their residence to some other county the defendant by willfully failing and neglecting to support the child during the full period had not committed an offense under this statute in each of the counties? Could he be indicted in the first county under a warrant specifying the period of residence in the second county, or could he be indicted in the second county under a warrant specifying the period of residence in the first? It seems to us that of necessity this statute must be construed as a continuing offense, and that the defendant's conviction for willfully failing and neglecting to support his child prior to 2 April, 1937, is no bar to a prosecution for a violation of the same statute subsequent thereto.

We do not consider that former decisions of this Court, under the provisions of C. S., 4447, are in point or controlling. An essential element of the crime created by that statute is abandonment. Without proof of abandonment a conviction cannot be had. This is certainly true up until the time the act was amended to make the offense as to the children a continuing offense. An abandonment takes place at a time certain. It cannot be continuing in its nature. The moment a husband separates himself from his wife with the intent to discontinue the marital relations and to disregard and shirk the marital obligations and responsibilities in respect to providing for support, and otherwise, abandonment is complete. The husband cannot again commit the same crime, as to the wife, without first reassuming the marital relations.

The court below properly held that defendant's plea of former jeopardy in this cause was no bar to the present prosecution.

No error.