## STATE v. BOBBY WILSON.

(Filed 28 November, 1951.)

**1. Criminal Law § 17d: Indictment § 13—**

Defendant interposed a written plea alleging that the indictment charged the same offense as that charged in a prior indictment upon which defendant had been acquitted. *Held:* The sustaining of the plea on the theory alleged is sustaining a plea of former acquittal, and provision in the order calling the plea a motion to quash will be disregarded, since the law regards the substance and not the form.

**2. Criminal Law § 68a—**

The State has no right of appeal from an order sustaining a plea of former acquittal. G.S. 15-179.

BARNHILL, J., concurring.

APPEAL by State from *Sink, J.,* at the June Term, 1951, of the Superior Court of GASTON County.

Plea of *autrefois acquit* in criminal prosecution for willfully failing or refusing to provide adequate support for illegitimate child.

The facts are these:

1. The defendant, Bobby Wilson, was placed on trial before Judge George B. Patton and a jury at the March Term, 1951, of the Superior Court of Gaston County upon a first indictment charging that "on the 5th day of February, 1951, . . . (he) did unlawfully and willfully fail and refuse to provide adequate support for his illegitimate child born to Elzonie Forney." Judge Patton dismissed the prosecution on the first indictment on a compulsory nonsuit under G.S. 15-173. He gave this reason for his ruling: "There is sufficient evidence to be submitted to the jury on the question of the paternity of the child, but the evidence is insufficient to be submitted to the jury on the question of willful failure or refusal of the defendant to support the child."

2. The grand jury subsequently returned a second indictment against the defendant charging that on an undesignated "day of March, 1949, . . . (he) did unlawfully and willfully fail and refuse to provide adequate support for his illegitimate child born to Elzonie Forney."

3. When the solicitor undertook to put the defendant on trial on the second indictment at the June Term, 1951, of the Superior Court of Gaston County, the defendant interposed a written plea, alleging, in substance, that both indictments charged the same offense, and pleading his former acquittal in the first prosecution as a bar to the second prosecution. Judge H. Hoyle Sink, who presided, thereupon inspected the two indictments and sustained the defendant's plea in an order, which called such plea a motion to quash.

4. The State excepted to the order and appealed.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Charles G. Powell, Jr., Member of Staff, for the State, appellant.*
*Wade H. Sanders for defendant, appellee.*

ERVIN, J.  Since the law looks at substance rather than form, the misnaming of the defendant's plea cannot blot out the reality that Judge Sink sustained a plea of former acquittal.  He evidently concluded the plea to be good on the theory that an inspection of the two indictments disclosed that the facts alleged in the second indictment, if given in evidence, would have sustained a conviction under the first.  *S. v. Hicks,* 233 N.C. 511, 64 S.E. 2d 871.

The validity of such conclusion cannot be reviewed by us, for the very simple reason that the State cannot appeal from an order sustaining a plea of former acquittal.  *S. v. Lane,* 78 N.C. 547.

The right of the State to appeal to the Supreme Court from adverse rulings of the Superior Court or to the Superior Court from adverse rulings of an inferior court is governed by the statutory provision that "an appeal . . . may be taken by the State in the following cases and no other":

1. Upon a special verdict.

2. Upon a demurrer.

3. Upon a motion to quash.

4. Upon arrest of judgment.

5. Upon motion for a new trial on the ground of newly discovered evidence, but only on questions of law.

6. Upon declaring a statute unconstitutional.  G.S. 15-179; 1945 Session Laws, Ch. 701.

Appeal dismissed.

BARNHILL, J., concurring: That the appeal by the State in this cause is without authority in law would seem too clear to require discussion. Even so, the judgment entered in the court below and the disposition of the appeal here may create some doubt in the minds of the solicitors of the State as to their right to prosecute for a willful failure by a defendant to support his alleged illegitimate child after he has been once acquitted.  As the appeal is dismissed, discussion of, or comment upon, this question has no proper place in the majority opinion.

Concededly, what is here said is not germane to the question of the right of the State to appeal, which is the sole ground upon which the appeal is dismissed.  Yet some of us are of the opinion there should be

some clarifying comment on the question of the effect of the judgment entered in the court below. For this reason, I file this concurring opinion.

The first bill of indictment charges a violation of the statute, G.S. 49-2, on or about 5 February 1951, and the second, on or about March 1949. So then, acquittal on the first bill unquestionably constitutes a bar to prosecution under the latter. The defendant having been acquitted on his trial under the first bill, he could not thereafter be prosecuted under a warrant or bill charging a willful failure to support prior to the date named therein. *S. v. Johnson,* 212 N.C. 566.

But the crime created by G.S. 49-2 is a continuing offense. Therefore, the prior acquittal may not be pleaded in bar of a prosecution under a bill which charges a violation of the statute at a date subsequent to 5 February 1951, the date named in the first bill. *S. v. Johnson, supra.* The only prosecution contemplated under the statute is grounded on the willful neglect or refusal of a parent to support his illegitimate child. The mere begetting the child is not denominated a crime. The question of paternity is incidental to the prosecution for the crime of nonsupport— a preliminary requisite to conviction. *S. v. Stiles,* 228 N.C. 137; *S. v. Summerlin,* 224 N.C. 178; *S. v. Bowser,* 230 N.C. 330. Hence a verdict of not guilty on the charge of willful nonsupport does no more than find the defendant not guilty of the crime laid in the bill. The verdict could not be construed to be a verdict of not guilty of begetting the child.

It follows that the solicitor is free to prosecute for a violation of the statute subsequent to 5 February 1951, unaffected by the judgment entered in the court below, if he is so advised.