## STATE v. DONALD M. FERGUSON.

(Filed 18 April, 1956.)

**1. Bastards §§ 1, 7—**

Judgment of nonsuit in a prosecution for willful failure to support an illegitimate child does not adjudicate the question of paternity and does not preclude a subsequent prosecution, since the offense is a continuing one. G.S. 49-2.

**2. Bastards § 4: Indictment and Warrant § 15—**

A warrant charging that defendant willfully refused to provide expenses of pregnancy of prosecutrix may not be amended by charging defendant with willful refusal to support his illegitimate child, since a warrant may not be amended to charge an offense committed, if at all, after the warrant was issued.

**3. Bastards § 1—**

Failure of defendant to provide medical care incident to pregnancy is no offense under G.S. 49-2, the offense being the willful failure and refusal of defendant to provide support for his illegitimate child.

**4. Constitutional Law § 32—**

In the absence of waiver, a person charged with the commission of a misdemeanor cannot be tried initially in the Superior Court except upon an indictment found by a grand jury.

**5. Criminal Law § 68a—**

The State may appeal in those cases specified by statute and none other. G.S. 15-179.

**6. Same—**

A final judgment unconditionally allowing defendant's plea of former jeopardy is not a special verdict in law, and the State has no right of appeal therefrom. Therefore, an attempted appeal from such judgment entered in an inferior court confers no jurisdiction on the Superior Court, and all subsequent proceedings are a nullity.

**7. Bastards § 7—**

Where judgment is entered unconditionally allowing defendant's plea of former jeopardy in a prosecution under G.S. 49-2, subsequent proceedings under such warrant are a nullity, but such judgment does not bar further prosecution for the offense if the State elects to proceed under a new criminal accusation and process.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Bickett, J.,* November Criminal Term, 1955, of WAKE.

Criminal prosecution under G.S. 49-2 for defendant's willful failure and refusal to support his illegitimate child.

The trial at November Criminal Term, 1955, resulting in conviction and judgment, was on a warrant issued 17 January, 1955, out of the Domestic Relations Court of Wake County. Proceedings prior to this trial are set out below.

On 22 April, 1954, a warrant was issued out of the Domestic Relations Court charging that defendant "did willfully, maliciously and unlawfully beget upon the body of Seretha Sorrell, a child and has failed to provide medical care incident to pregnancy." Thereafter, on 5 June, 1954, the child was born. On 16 August, 1954, the cause was tried in the Domestic Relations Court, at which time the warrant was amended ·by adding these words: "or any support since its birth on June 5, 1954." Defendant was adjudged guilty. Judgment was pronounced and defendant appealed.

When the cause was tried, on such appeal, at December Criminal Term, 1954, of Wake Superior Court, before Judge Frizzelle, defendant's motion for judgment of nonsuit was allowed.

Thereafter, on 17 January, 1955, a second warrant was issued out of the Domestic Relations Court which charged that defendant "did beget upon the body of Seretha Sorrell a child, Donna Ferguson Sorrell, born June 5, 1954, and has willfully failed and refused to support said child since birth after due demand for said support has been made . . ." The record of the Domestic Relations Court shows: "Upon the trial of this case the defendant pleads former jeopardy and is ordered and adjudged that plea allowed. This the 10th day of February, 1955. J. L. Fountain, Judge." The agreed case on appeal shows that the prosecuting witness, through her counsel, then gave notice of appeal.

At March Criminal Term, 1955, of Wake Superior Court, the cause was heard by Judge Williams. The judgment of Williams, J., contains this finding: "On the 10th day of February, 1955, the Judge of the Wake County Domestic Court rendered a special verdict on defendant's plea of former jeopardy, as follows: 'Upon trial of this cause the defendant pleads former jeopardy and it is ordered and adjudged that plea allowed.' From this judgment the State gave notice of appeal to the Wake County Superior Court."

Judgment was entered by Judge Williams, predicated upon his ruling that defendant would not be placed in double jeopardy by standing trial on the warrant of 17 January, 1955, remanding the cause to the Domestic Relations Court with instructions to determine, first, whether defendant was the father of the named illegitimate child, and second, if so, whether defendant had willfully failed and refused to adequately provide for his said illegitimate child as alleged in the warrant of 17 January, 1955.

Defendant excepted to the judgment of Judge Williams, and gave notice of appeal to the Supreme Court. This appeal was not perfected; and at July Criminal Term, 1955, of Wake Superior Court, Judge George M. Fountain so adjudged and entered order remanding the cause to the Domestic Relations Court for compliance with said judgment of Judge Williams. The record shows no exception by defendant to this order.

The cause came on for trial in the Domestic Relations Court on 16 August, 1955, on the warrant of 17 January, 1955. Defendant pleaded the judgment of the Domestic Relations Court of 10 February, 1955, which allowed defendant's plea of former jeopardy, in bar of further prosecutions. In compliance with said judgment of Judge Williams, the Domestic Relations Court denied defendant's plea in bar; and, after hearing the evidence, found the defendant guilty and pronounced judgment. Defendant appealed.

When the cause came on for trial before Judge Bickett at November Criminal Term, 1955, of Wake Superior Court, "the defendant through counsel moved to dismiss same on the grounds that the proceedings was on warrant issued through the Domestic Relations Court, which court sustained a plea of twice jeopardy, and on an appeal by the State from such order." This motion was overruled. Defendant excepted.

Thereupon, defendant entered a plea of not guilty and the trial proceeded. The jury returned a verdict of guilty as charged. From judgment pronounced on the verdict, defendant excepted and appealed, assigning errors.

*Attorney-General Rodman and Assistant Attorney-General Bruton for the State.*

*I. Weisner Farmer and W. H. Yarborough, Jr., for defendant, appellant.*

BOBBITT, J. The judgment of nonsuit entered by Judge Frizzelle at December Criminal Term, 1954, of Wake Superior Court, when defendant was on trial on the warrant of 22 April, 1954, was not a bar to a subsequent prosecution of defendant for willfully failing and refusing to support his illegitimate child. *S. v. Robinson,* 236 N.C. 408, 72 S.E. 2d 857, opinion by *Winborne, J.,* is explicit to the effect that a judgment of nonsuit, nothing else appearing, does not constitute a negative finding on the issue of paternity; and, since G.S. 49-2 creates a continuing offense, a second or subsequent prosecution, relating to a later period, is not barred.

When the warrant of 22 April, 1954, was issued, no criminal offense had been committed. The purported amendment of this warrant on

16 August, 1954, related solely to events after 22 April, 1954, and after 5 June, 1954, the date the child was born. Where a similar amendment was attempted, *Denny, J.,* in *S. v. Thompson,* 233 N.C. 345, 64 S.E. 2d 157, said: ". . . a warrant may not be amended so as to charge the defendant with an offense which was committed, if committed at all, after the warrant was issued."

It is further noted that the warrant of 22 April, 1954, when issued, referred only to defendant's failure to provide medical care incident to pregnancy. "The failure to provide for the mother and to pay expenses incident to the birth of the child are not criminal offenses. These are matters the court may provide for and require upon conviction." *Winborne, J.,* in *S. v. Stiles,* 228 N.C. 137, 44 S.E. 2d 728. And, both before and after the purported amendment of said warrant, the word "willfully" was used in relation to the begetting of the child rather than in relation to providing either medical care or support. *S. v. Clarke,* 220 N.C. 392, 17 S.E. 2d 468.

The conclusion reached is that the judgment of nonsuit was properly entered by Judge Frizzelle at December Criminal Term, 1954, of Wake Superior Court. Indeed, while the evidence heard by Judge Frizzelle is not before us, uncontradicted evidence in the trial before Judge Bickett was to the effect that the case was not tried out before Judge Frizzelle but was stopped and nonsuit entered so that a new warrant could be taken out.

Although the judgment of 10 February, 1955, of the Domestic Relations Court was erroneous and the view taken by Judge Williams was correct, as to the soundness of defendant's plea of former jeopardy, we are confronted by a fatal jurisdictional defect. The jurisdiction of the Superior Court, if any, as to the warrant of 17 January, 1955, rested solely on the State's appeal from the judgment of 10 February, 1955. If the State had no right to appeal therefrom, said judgment of 10 February, 1955, although erroneous, was a final judgment as to further prosecution *on the warrant of 17 January, 1955.* It is noted that the trial at November Criminal Term, 1955, was on the warrant of 17 January, 1955.

Whether the State could have prosecuted the defendant at that term on a bill of indictment is a question that does not arise on this record. In the absence of waiver thereof as provided by statute, a person charged with the commission of a misdemeanor cannot be tried initially in the Superior Court except upon an indictment found by a grand jury. *S. v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283; *S. v. Norman,* 237 N.C. 205, 74 S.E. 2d 602.

Our statute provides that an appeal to the Supreme Court or Superior Court may be taken by the State in the cases specified herein, and no

other. G.S. 15-179. And this Court, upon consideration of this statute, held directly in *S. v. Wilson,* 234 N.C. 552, 67 S.E. 2d 748, that the State had no right to appeal from a judgment allowing a plea of former jeopardy or acquittal.

According to the record, the judgment of 10 February, 1955, was a final judgment unconditionally allowing defendant's plea of former jeopardy. It was not a special verdict in law nor was it so denominated by the Domestic Relations Court. Hence, the State's attempted appeal therefrom did not confer jurisdiction on the Superior Court and such appeal should have been dismissed. It follows that, since the judgment of 10 February, 1955, made final disposition of the prosecution, so far as the warrant of 17 January, 1955, was concerned, all subsequent proceedings, both in the Superior Court and in the Domestic Relations Court, were void for lack of jurisdiction.

*Miller v. State,* 237 N.C. 29, 74 S.E. 2d 513, and *S. v. Doughtie,* 238 N.C. 228, 77 S.E. 2d 642, cited in the State's brief, are authority for the proposition that a defendant may waive a defect, even a constitutional right, relating to a mere matter of practice or procedure. These cases, however, have no bearing on the State's right of appeal, the question here presented; and such right of appeal, under the circumstances disclosed, was a prerequisite to the Superior Court's jurisdiction.

While the vicissitudes of this particular case up to now suggest that a final determination is desirable, such final determination must be deferred until it can be made in accordance with law.

While the prosecution on the warrant of 17 January, 1955, was terminated by said judgment of 10 February, 1955, and the judgment from which this appeal is taken must be vacated, decision here is not a bar to further prosecution of defendant for willfully failing and refusing to support his illegitimate child, if the State elects to proceed under a new criminal accusation and process.

Judgment vacated.

JOHNSON, J., took no part in the consideration or decision of this case.