## STATE v. WILLIAM JESS REID.

(Filed 3 March, 1965.)

**Criminal Law § 142—**

The right of the State to appeal in criminal prosecutions is solely statutory, G.S. 15-179, and the State has no right to appeal from a judgment allowing a plea of former jeopardy or acquittal.

APPEAL by the State from *Campbell, J.,* October 1964 Criminal Session of GASTON.

A bill of indictment returned at September 3, 1963 Criminal Session charged that defendant, on August 14, 1963, "did unlawfully, willfully, feloniously and of malice aforethought kill and murder Clarence P. Armstrong," etc. The trial of defendant on said bill of indictment before Judge Froneberger and a jury at November 4, 1963 Criminal Session resulted in a verdict of not guilty.

A bill of indictment returned at March 31, 1964 Criminal Session charged defendant with the robbery of Clarence P. Armstrong by means of firearms on August 14, 1963, the felony defined in G.S. 14-87. At October 1964 Criminal Session, when called to trial on said robbery indictment, defendant pleaded former jeopardy (acquittal) as a bar to prosecution thereon. Thereupon, before selection of a jury, defendant offered in support of said plea of former jeopardy (acquittal) the Minutes of the court and a complete transcript of the proceedings and trial at said November 4, 1963 Criminal Session on said murder indictment.

Judge Campbell, being of the opinion "the charge of armed robbery is in fact but one transaction within the charge of murder in the first degree," for which defendant was tried and acquitted at said November 4, 1963 Criminal Session, sustained "defendant's plea in bar of former jeopardy" and directed the entry of a verdict of not guilty as to said robbery indictment. Thereupon, the State, through the Solicitor of the Fourteenth Solicitorial District, gave notice of appeal to the Supreme Court.

*Attorney General Bruton and Assistant Attorney General Bullock for the State.*

*Frank Patton Cooke and Joseph B. Roberts, III, for defendant appellee.*

PER CURIAM. Our statute provides that an appeal to the Supreme Court or superior court may be taken by the State in the cases specified therein, and no other. G.S. 15-179. And this Court, upon consideration

of this statute, held directly in *S. v. Wilson,* 234 N.C. 552, 67 S.E. 2d 748, and in *S. v. Ferguson,* 243 N.C. 766, 92 S.E. 2d 197, that the State has no right to appeal from a judgment allowing a plea of former jeopardy or acquittal. It is noted that the Attorney General states, with commendable frankness, that he is unable to distinguish the present case from those cited above. Hence, the State's (purported) appeal ·must be and is dismissed.

Appeal dismissed.