STATE v. PEGUISE

STATE OF NORTH CAROLINA v. WALTER THANIEL PEGUISE
No. 6814SC372

(Filed 9 October 1968)

1. Criminal Law § 149— former jeopardy — right of State to appeal
   The State has no right to appeal from a judgment allowing a plea of former jeopardy or acquittal.

2. Criminal Law § 125— special verdict defined
   A special verdict is that by which the jury finds the facts only, leaving the judgment to the court. G.S. 1-201.

3. Criminal Law §§ 125, 149— allowance of plea of former jeopardy — not special verdict — right of State to appeal
   An order allowing defendant's plea of former jeopardy and dismissing the charge against defendant does not constitute a special verdict from which the State may appeal pursuant to G.S. 15-179.

APPEAL by the State from Clark, J., July 1968 Regular Criminal Session of DURHAM Superior Court.

Defendant was tried on two separate warrants. The first charged him with an assault on G. E. Lee "by striking him with his fists and hands and by climbing on his back." The second charged him with resisting, delaying and obstructing a public officer, G. E. Lee, in the discharge of his duty, namely, attempting to arrest one Howard Lamar Fuller, "by striking him with his fists and hands and by climbing on his back." Defendant pled not guilty to both charges and the two cases were consolidated for trial. In the assault case, the jury returned a verdict of not guilty. In the other case, the jury stated "that they were unable to agree on a verdict." Thereupon, the presiding judge withdrew a juror and declared a mistrial as to the second case, that of resisting a public officer.

Counsel for defendant then interposed a plea of double jeopardy as to the charge of resisting a public officer. The court entered an

order dismissing the charge; but, in entering the order, Judge Clark declared: "This, Mr. Solicitor, is a special verdict. * * * I am making this in the form of a special verdict so that the State may appeal to the Appeal Court." The State duly entered its exception and appealed.

*Attorney General T. Wade Bruton and Staff Attorney Andrew A. Vanore, Jr., for the State.*

*Pearson, Malone, Johnson & DeJarmon by W. G. Pearson, II, and C. C. Malone, Jr., for defendant appellee.*

BRITT, J.

G.S. 15-179 provides those instances in which the State may appeal:

"* * * Where judgment has been given for the defendant—

(1) Upon a special verdict.

(2) Upon a demurrer.

(3) Upon a motion to quash.

(4) Upon arrest of judgment.

(5) Upon a motion for a new trial on the ground of newly discovered evidence, but only on questions of law.

(6) Upon declaring a statute unconstitutional."

[1] The Supreme Court of North Carolina has specifically held that the State has no right to appeal from a judgment allowing a plea of former jeopardy or acquittal. *State v. Reid,* 263 N.C. 825, 140 S.E. 2d 547; *State v. Ferguson,* 243 N.C. 766, 92 S.E. 2d 197; *State v. Wilson,* 234 N.C. 552, 67 S.E. 2d 748.

G.S. 1-201 provides as follows: "A general verdict is that by which the jury pronounce generally upon all or any of the issues, either in favor of the plaintiff or defendant. *A special verdict is that by which the jury finds the facts only, leaving the judgment to the Court.*" (Emphasis added.)

General and special verdicts are discussed in 2 McIntosh, N. C. Practice 2d, § 1562, pp. 75 and 76. See also *State v. Ellis,* 262 N.C. 446, 137 S.E. 2d 840.

The order of Judge Clark did not constitute a special verdict from which an appeal by the State could be taken.

Appeal dismissed.

BROCK and PARKER, JJ., concur.