STATE OF NORTH CAROLINA v. GEORGE E. ELKERSON

No. 6

(Filed 12 January 1982)

1. **Constitutional Law § 56— jurors in courtroom during arraignment of co-conspirators—right to impartial jury**

    The trial judge did not contravene G.S. 15A-943(a) and violate defendant's right to a trial by an impartial jury when he denied defendant's motion for mistrial because of the arraignment of two of his co-conspirators in the presence of prospective jurors from whom the jury for defendant's trial was chosen.

2. **Constitutional Law § 62— arraignment of co-conspirators before prospective jurors—no bearing on challenges for cause**

    Defendant's reliance on G.S. 15A-1212(3), permitting challenges for cause where a juror participates "in criminal or civil proceedings involving a transaction which relates to the charge against the defendant," was misplaced in a case in which his co-conspirators were arraigned before prospective jurors. Nothing in the record showed prospective jurors ascertained any connection between defendant and his co-conspirators, and the record did not reveal whether defendant challenged any juror for cause.

State v. Elkerson

3. **Constitutional Law § 56— arraignment of co-conspirators before prospective jurors—no reading of pleadings to jury**

The arraignment of defendant's co-conspirators in the presence of prospective jurors was not violative of the provision in G.S. 15A-1213 providing that "[t]he judge may not read the pleadings to the jury."

4. **Constitutional Law § 60— racial discrimination in selection of jury—failure to rebut regularity**

Where defendant failed to rebut the presumption of regularity in the trial judge's ruling that defendant was allowed a reasonable time and opportunity to inquire into and present evidence concerning any racial discrimination in the drawing or selection of the jury, his contention that the court erred in denying his motion to require the clerk to provide him with the racial makeup of the jury panel must fail.

5. **Criminal Law § 42; Homicide §§ 20, 21.1— cause of death stipulated—photographs and physical evidence not prejudicial**

Defendant's stipulation as to the victim's cause of death did not relieve the State of the burden to prove its entire case beyond a reasonable doubt so long as defendant maintained his plea of not guilty; therefore, admission of photographs, clothing and other physical evidence relating to the victim, the pistol and the bullets was not error.

6. **Criminal Law § 89.3— prior consistent statement of co-conspirator—competent for corroborative purposes**

The trial court did not err in allowing a deputy sheriff and an S.B.I. agent to testify concerning statements made by a co-conspirator who was a witness for the State after charges against him were disposed of through plea bargaining. It is proper to allow a State investigator or deputy sheriff to testify to corroborating pretrial statements which a State's witness made to him.

7. **Criminal Law § 113.3— limiting instruction on corroborative testimony—failure to request**

When there is no request for an instruction limiting the evidence for the purpose of corroboration at the time it is offered and the testimony is obviously corroborative rather than substantive, there is no ground for exception that the trial judge failed to instruct the jury in the final charge as to the nature of the evidence, unless his attention is called to the matter by a prayer for instruction.

8. **Criminal Law § 149.1— court's refusal to submit aggravating circumstances—no right of appeal by State**

Under G.S. 15A-1445, the State has no right to appeal the trial judge's refusal to submit any of the aggravating circumstances under G.S. 15A-2000 to the jury at the sentencing phase of defendant's trial.

APPEAL by defendant from *Brown, J.,* at the 29 September 1980 Special Session of GRANVILLE Superior Court. The State also

appealed assigning as error the trial judge's failure to submit any aggravating circumstances at the sentencing phase of the trial.

Defendant was charged with conspiracy to commit armed robbery, murder in the first degree, and assault with a deadly weapon with intent to kill inflicting serious injury. He entered a plea of not guilty to each charge.

The State offered evidence tending to show that defendant, James Cozart, James Edward Smith, and Thurman Ragland conspired to rob a grocery store and filling station located in rural Granville County known as Providence Grocery which was owned by Mr. and Mrs. Edward H. Parham. Defendant and Thurman Ragland entered the store while Cozart and Smith waited outside in Smith's Pinto automobile. During the course of the robbery, by which the robbers obtained $36, Mr. Robert Thomas was shot in the leg and Mr. Edward Parham, one of the owners of the business, was killed.

James Cozart and James Edward Smith testified for the State after they had entered pleas of guilty in open court before this trial was commenced.

Defendant offered no evidence.

The jury returned verdicts of guilty on each charge, and at the sentencing phase of the trial on the conviction for murder in the first degree, the State requested the trial judge to submit as aggravating circumstances (1) that the murder was committed for pecuniary gain, G.S. 15A-2000(e)(6), and (2) that defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person. G.S. 15A-2000(e)(10). The trial judge declined to submit any aggravating circumstances and thereupon sentenced defendant to life imprisonment on the charge of first-degree murder. The trial judge also entered judgments imposing consecutive sentences of not less than ten years nor more than ten years for the charge of conspiring to commit armed robbery and a sentence of not less than twenty years nor more than twenty years on the charge of assault with a deadly weapon with intent to kill inflicting serious injury.

Defendant appealed assigning errors solely to the guilt-innocence phase of the trial. The State gave notice of appeal as to

the single question of whether the trial court erred in finding that there was a genuine lack of evidence to support the submission to the jury of any of the aggravating circumstances listed in G.S. 15A-2000 and in refusing to submit such aggravating circumstances.

We allowed a motion to bypass the North Carolina Court of Appeals on the conspiracy to commit armed robbery charge and upon the charge of assault with a deadly weapon with intent to kill inflicting serious injury on 8 May 1981.

*Rufus L. Edmisten, Attorney General, by Guy A. Hamlin, Assistant Attorney General, for the State.*

*John H. Pike for appellant.*

BRANCH, Chief Justice.

[1] Defendant assigns as error the denial of his motion for mistrial because of the arraignment of two of his co-conspirators in the presence of the prospective jurors from whom the jury for defendant's trial was chosen.

In support of this assignment of error, defendant first relies upon the last sentence of G.S. 15A-943(a), which provides that "[n]o cases in which the presence of a jury is required may be calendared for the day or portion of a day during which arraignments are calendared."

The North Carolina Court of Appeals considered this portion of G.S. 15A-943(a) in *State v. Brown,* 39 N.C. App. 548, 251 S.E. 2d 706 (1979). There the defendant argued that the trial judge contravened this portion of G.S. 15A-943(a) and violated his right to trial by an impartial jury. The Court of Appeals rejected this contention and concluded that defendant's trial by a jury panel which had the opportunity to hear guilty pleas and the presentation of evidence and sentencing thereon in other cases on the day defendant was tried did not contravene the language and objectives of G.S. 15A-943 nor did such procedure violate defendant's right to be tried by an impartial jury. The Court reasoned that the legislative intent in enacting G.S. 15A-943 was to minimize the imposition on the time of jurors and witnesses, not to insure the impartiality of jurors. We adopt the holding and reasoning set forth in *Brown.*

Defendant nevertheless argues that *Brown* differs because it considered unrelated charges as compared to instant case where two of defendant's co-conspirators were arraigned on the same day and immediately before defendant was tried. We do not think this is a viable distinction.

No inference of prejudice arises from the mere awareness by the jury that a witness has been charged with complicity in the crime for which defendant is being tried. In *State v. Potter*, 295 N.C. 126, 244 S.E. 2d 397 (1978), the Court permitted a co-defendant to withdraw his not guilty plea, enter a plea of guilty to a lesser offense, and then testify against defendant. Noting that the defendant had full opportunity to cross-examine the former co-defendant, this Court found no prejudicial error. Similarly, in *State v. Cameron*, 284 N.C. 165, 200 S.E. 2d 186 (1973), *cert. denied*, 418 U.S. 905, 41 L.Ed. 2d 1153, 94 S.Ct. 3195 (1974), we found no error in the trial judge's ruling which permitted an accomplice who was not on trial to testify against defendant even though it was brought out on redirect examination that the witness intended to plead guilty to the charge against him.

**[2]** Defendant next points to G.S. 15A-1212(3) which permits a challenge for cause on the ground that a juror "has been or is a party, a witness, a grand juror, a trial juror, or has otherwise participated in civil or criminal proceedings involving a transaction which relates to the charge against the defendant." At the time defendant's co-conspirators were arraigned, the prospective jurors simply did not come within the language of the statute. There is nothing in this record to show whether defendant on voir dire of the prospective jurors ascertained that any juror recognized any connection between defendant and the co-conspirators when they were arraigned or that any one of the jurors finally chosen was even in the courtroom when the arraignments took place. Neither does the record reveal whether defendant challenged any juror for cause pursuant to the statute nor does the record disclose that he exhausted his peremptory challenges. Thus, defendant's reliance on this portion of the statute is misplaced.

**[3]** By his next argument, defendant avers that the arraignment of defendant's co-conspirators was violative of the provision in G.S. 15A-1213 which, in part, provides that "[t]he judge may not

read the pleadings to the jury." An examination of the entire statute and the application of that statute to the facts of this case require that we reject this argument. We quote the full statute:

> § 15A-1213. *Informing prospective jurors of case.* — Prior to selection of jurors, the judge must identify the parties and their counsel and briefly inform the prospective jurors, as to each defendant, of the charge, the date of the alleged offense, the name of any victim alleged in the pleading, the defendant's plea to the charge, and any affirmative defense of which the defendant has given pretrial notice as required by Article 52, Motions Practice. The judge may not read the pleadings to the jury.

It has been held, and we think correctly so, that the purpose of this statute when read contextually and considered with the Official Commentary to the statute is to avoid giving jurors a distorted view of a case because of the stilted language of most indictments. *State v. Laughinghouse,* 39 N.C. App. 655, 251 S.E. 2d 667 (1979).

It is presumed that the trial judge obeyed the mandate of G.S. 15A-1213, and there is nothing in the record to the contrary. 1 N.C. Index 3d, *Appeal and Error* § 46 (1976). We therefore presume that the judge, in understandable language, explained the charges against defendant to the jury and did not read the indictments, thus avoiding placing in the minds of the jurors any distorted view of the case that *might* have resulted had they heard the language of the pleadings. The pleas of the co-conspirators, whether heard by the prospective jurors or not, had no relationship to defendant's plea or to his guilt or innocence. Both co-conspirators later testified as witnesses against defendant and were subjected to strenuous cross-examination. The burden of showing prejudicial error or the denial of a fair trial is on the defendant. *State v. Boykin,* 291 N.C. 264, 229 S.E. 2d 914 (1976). This he has failed to do.

[4] Defendant contends that the court erred in denying his motion to require the clerk to provide him with the racial makeup of the jury panel.

Defendant's position seems to be that because more blacks oppose the death penalty than do whites, a larger number of

blacks should have been included in the venire. He reasons that a disproportionate number of blacks could be expected to be removed from the jury because they generally would not vote to impose the death penalty under any circumstances. This argument, as novel as it is spurious, requires neither application nor prolonged discussion of the well-recognized rules governing motions to quash an indictment or dismiss a jury because of racial discrimination in the drawing or selection of a jury panel. These rules are fully discussed and applied in our cases. *State v. Wright,* 290 N.C. 45, 224 S.E. 2d 624 (1976), *cert. denied,* 429 U.S. 1049, 50 L.Ed. 2d 765, 97 S.Ct. 760 (1977); *State v. Cornell,* 281 N.C. 20, 187 S.E. 2d 768 (1972); *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765 (1970). However, we briefly note and paraphrase two of the propositions set forth in the above-cited cases, viz: A defendant is not entitled to demand a proportionate number of his race on the jury which tries him, nor on the venire from which petit jurors are drawn. He is entitled to a reasonable time and opportunity to inquire into and present evidence regarding intentional and systematic exclusions from the grand or petit jury on the basis of race.

We glean from the record that defendant was indicted on 9 June 1980. After a determination of indigency, counsel was appointed for defendant on 12 June 1980, and the motion before us was lodged with the court *after the jury was selected* at the 22 September 1980 term of Granville Superior Court. Defendant offered no evidence in support of his motion. We have nothing before us to indicate that defendant took any action prior to making this motion. Neither does the record reveal that he ever asked for a continuance for the purpose of inquiring into or presenting evidence concerning the racial makeup of the jury.

It is common knowledge in the legal profession that the information which defendant sought by this motion is accessible to counsel as soon as it is available to court officials. We therefore take judicial notice of that fact. 1 Stansbury, N.C. Evidence § 14 (Brandis Rev. 1973).

There is a presumption of regularity in the trial below, and the burden is on defendant to show prejudicial error in that trial. *State v. Partlow,* 272 N.C. 60, 157 S.E. 2d 688 (1967).

We must therefore presume from the trial court's ruling that defendant was allowed a reasonable time and opportunity to inquire into and present evidence concerning any racial discrimination in the drawing or selection of the jury.

Defendant has failed to show anything to rebut the presumption of regularity in the trial judge's ruling and therefore the argument presented by this assignment of error must fail.

[5] Defendant assigns as error the admission of certain photographs, clothing, and other physical evidence. He argues that since the cause of death was stipulated by him that the trial judge erred by admitting this evidence.

The trial court admitted photographs showing the position of the victim's body, the location of the shell casings, bullets and bullet fragments, and the entry points of wounds on the victim's body. The shell casings, bullets, bullet fragments, and the pistol which fired them, as well as three items of the victim's clothing showing evidence of bullet entry points, were admitted into evidence.

We have held that a stipulation as to the cause of death does not preclude the State from proving all essential elements of its case. *State v. Spaulding,* 288 N.C. 397, 219 S.E. 2d 178 (1975), *modified on other grounds,* 428 U.S. 904, 49 L.Ed. 2d 1210, 96 S.Ct. 3210 (1976); *State v. Westbrook,* 279 N.C. 18, 181 S.E. 2d 572 (1971), *modified on other grounds,* 408 U.S. 939, 33 L.Ed. 2d 761, 92 S.Ct. 2873 (1972); *State v. Cutshall,* 278 N.C. 334, 180 S.E. 2d 745 (1971). It is also established by our case law that in a homicide prosecution photographs showing the condition of the body when found, its location when found, and the surrounding scene at the time the body was found are not rendered incompetent by the portrayal of the gruesome events which the witness testifies they accurately portray. *State v. Atkinson,* 275 N.C. 288, 167 S.E. 2d 241 (1969); *State v. Gardner,* 228 N.C. 567, 46 S.E. 2d 824 (1948).

Here the photographs were properly authenticated and were offered for the limited purpose of illustrating witnesses' testimony. Five of the photographs depicted the location of the body when found and the location of the bullet wounds in the victim's body. The photographs of the shell casings, the bullets, and the bullet fragments were relevant in that they shed some light

by way of illustrating and clarifying the testimony of the State's witnesses. *See State v. Cutshall, supra.*

The admission into evidence of certain physical evidence, including items of the victim's clothing showing the points of entry of the bullet wounds, was not prejudicial to defendant.

> It is not error to permit clothing of a victim or other articles to be introduced into evidence which . . . appear corroborative of the theory of the State's case, or which "enable the jury to realize more completely the cogency and force of the testimony of the witness." (Citations omitted.)

*Cutshall*, 278 N.C. at 348, 180 S.E. 2d at 754.

Defendant's stipulation as to the victim's cause of death would not relieve the State of the burden to prove its entire case beyond a reasonable doubt so long as defendant maintained his plea of not guilty. We therefore hold that under the circumstances of this case the evidence here challenged was properly admitted into evidence.

[6] Defendant next contends that the trial court erred in allowing Deputy Sheriff David Smith and S.B.I. Agent Joe Momier to testify concerning statements made to them by James Smith which tended to corroborate Smith's trial testimony. He argues that Smith was a co-defendant, and therefore his testimony was inadmissible.

James Smith was indicted for the same offenses for which defendant was tried. Prior to defendant's trial, the charges against Smith were disposed of by plea bargaining.

It is well settled that a prior consistent statement of a witness is competent for corroborative purposes. *State v. Medley,* 295 N.C. 75, 243 S.E. 2d 374 (1978); *State v. Hopper,* 292 N.C. 580, 234 S.E. 2d 580 (1977). It is proper to allow a State investigator to testify to corroborating pretrial statements which a State's witness made to him. *State v. Britt,* 291 N.C. 528, 231 S.E. 2d 644 (1977). Further a law enforcement officer may testify to a prior consistent statement made by a defendant's accomplice which tends to corroborate the accomplice's trial testimony. *State v. Doss,* 279 N.C. 413, 183 S.E. 2d 671 (1971), *modified on other grounds,* 408 U.S. 939, 33 L.Ed. 2d 762, 92 S.Ct. 2875 (1972).

Defendant relies on *State v. Cannon*, 273 N.C. 215, 159 S.E. 2d 505 (1968), to support his position. This reliance is misplaced. In *Cannon* a police officer testified as to statements made by a co-defendant who did not testify at trial. Here Smith was not a co-defendant, but to the contrary, he was a witness who testified and was subjected to cross-examination. A co-defendant for purposes of corroborative testimony at trial is a person who is being tried contemporaneously with a defendant. Thus, this assignment of error is controlled by *State v. Medley, State v. Doss*, and their progeny.

The trial judge correctly admitted this testimony.

Defendant's assignment of error number 7 states: "The court's charge to the jury taken in its entirety was error and prejudicial to the defendant."

This assignment of error does not specify any portion of the charge which defendant deems to be erroneous or advise the Court what defendant contends should have been charged. The assignment is a broadside attack upon the charge as a whole and is ineffective to bring up any part of the charge for review. *State v. Mason*, 279 N.C. 435, 183 S.E. 2d 661 (1971); *State v. Baldwin*, 276 N.C. 690, 174 S.E. 2d 526 (1970). Our examination of the record shows that the exceptions upon which this assignment was based refer to evidentiary rulings of the court rather than the charge. However, because of the gravity of this case, we elect to consider this assignment. Defendant seems to take the position that the trial judge should have on his own motion charged the jury that a plea of guilty of a co-defendant was not evidence of defendant's guilt. The answer to this contention is simply that there were no co-defendants in this trial, and the law applicable to a co-defendant's plea of guilty is not before us pursuant to this assignment of error.

[7] Defendant contends that the trial judge erred by failing to give limiting instructions with respect to corroborative testimony admitted into evidence.

The general rule is that when a defendant does not specifically request a limiting instruction restricting the use of corroborative testimony to that purpose, the admission of the evidence and the failure of the trial judge to give a limiting in-

struction is not error. *State v. Sauls,* 291 N.C. 253, 230 S.E. 2d 390 (1976), *cert. denied,* 431 U.S. 916, 53 L.Ed. 2d 226, 97 S.Ct. 2178 (1977); *State v. Corl,* 250 N.C. 252, 108 S.E. 2d 608 (1959); *State v. Lee,* 248 N.C. 327, 103 S.E. 2d 295 (1958).

In the case before us, defendant did not request a limiting instruction as to the corroborative evidence at any time during the course of the trial. He nevertheless argues that the trial judge should have, *ex mero motu,* given such instruction in his final charge to the jury. We do not agree.

In *State v. Johnson,* 218 N.C. 604, 12 S.E. 2d 278 (1940), we find the following statement:

> Rules of Practice in the Supreme Court, part of Rule 21 (213 N.C., p. 821): "When testimony is admitted, not as substantive evidence, but in corroboration or contradiction, *and that fact is stated by the court when it is admitted* [emphasis added], it will not be ground for exception that the judge fails in his charge to again instruct the jury specially upon the nature of such evidence, unless his attention is called to the matter by a prayer for instruction; *nor will it be ground of exception that evidence competent for some purposes, but not for all, is admitted generally, unless the appellant asks, at the time of its admission, that its purpose shall be restricted.*" (Italics ours.)

218 N.C. at 613, 12 S.E. 2d at 284.

We are aware that Rule 21 has been superseded. However, we quote and adopt the following language of Dean Brandis: "The new Rules of Appellate Procedure supersede but contain nothing comparable to former Rule 21 . . . but the Court has held that this works no change in the rule." 1 Stansbury, N.C. Evidence § 52 at 152, n. 59 (Brandis Rev. Supp. 1979).

It might be inferred from the language first emphasized above in *Johnson* that the general rule is only applicable when the judge at the time of the offering of the corroborative evidence states that the evidence is admitted solely for the purpose of corroboration or contradiction. We do not believe this to be the law. We think the better rule to be that when there is no request for an instruction limiting the evidence for the purpose of corroboration at the time it is offered. and the testimony is obviously

corroborative rather than substantive, there is no ground for exception that the trial judge failed to instruct the jury in the final charge as to the nature of the evidence, unless his attention is called to the matter by a prayer for instruction. We so hold. *See State v. Sawyer*, 283 N.C. 289, 297, 196 S.E. 2d 250, 255 (1973).

[8] At the sentencing phase of the trial, the State announced that it did not intend to produce additional evidence during the sentencing phase but would rely upon evidence already presented during the guilt-innocence phase to support the submission of the two aggravating circumstances to the jury. The trial judge made a finding of fact that there was "a genuine lack of evidence to support the submission to the jury of any of the aggravating circumstances listed in G.S. 15A-2000." The court then sentenced defendant to life imprisonment on the first-degree murder conviction.

The State assigns as error the trial court's refusal to submit to the jury at the sentencing hearing the aggravating circumstances of (1) pecuniary gain [G.S. 15A-2000(e)(6)] and (2) use of a weapon which would normally be hazardous to the lives of more than one person [G.S. 15A-2000(e)(10)]. This assignment of error is not properly before us.

The right of the State to appeal in a criminal case is statutory, and statutes authorizing an appeal by the State in criminal cases are strictly construed. *State v. Harrell*, 279 N.C. 464, 183 S.E. 2d 638 (1971); *State v. Reid*, 263 N.C. 825, 140 S.E. 2d 547 (1965); *State v. Ferguson*, 243 N.C. 766, 92 S.E. 2d 197 (1956); *State v. Cox*, 216 N.C. 424, 5 S.E. 2d 125 (1939).

The only statutory authority we find which permits an appeal by the State in a criminal case is contained in G.S. 15A-1445. That statute provides:

*Appeal by the State.* — (a) Unless the rule against double jeopardy prohibits further prosecution, the State may appeal from the superior court to the appellate division:

    (1) When there has been a decision or judgment dismissing criminal charges as to one or more counts.

    (2) Upon the granting of a motion for a new trial on the ground of newly discovered or newly available evidence but only on questions of law.

(b) The State may appeal an order by the superior court granting a motion to suppress as provided in G.S. 15A-979.

Construing G.S. 15A-1445 strictly, as we must, we hold that the State had no right to appeal the trial judge's action in refusing to submit any aggravating circumstances to the jury at the sentencing phase of defendant's trial. If the State's right to appeal is to be enlarged, it must be done by the legislature.

Had the State's assignments of error been properly before us, it is our opinion that the court should have submitted the aggravating circumstance of pecuniary gain [G.S. 15A-2000(e)(6)].

We reemphasize the necessity for the Trial Judges, the District Attorneys, and the Bar of this State to adhere to the mandatory provisions of G.S. 15A-2000 in the trial of death cases.

We find no error warranting that the jury verdicts or the judgments imposed thereon be disturbed.

No error.